RAWLS, Chief Judge.
The Comptroller appeals a summary decree entered by the chancellor which held that Sesac was not liable for the payment of the gross receipts tax as provided in Section 543.28, Florida Statutes, F.S.A. The pertinent portion of said statute is as f ollows:
“There is levied, and there shall be collected, a tax, for the act or privilege of selling, licensing, or otherwise disposing of performing rights in compositions in this state, in an amount equal to three per cent of the gross receipts of all such sales, licenses or other dispositions of performing rights in this state, payable annually to the state comptroller on or before the fifteenth day of March of each year, with respect to the gross receipts of the preceding calendar year.”
We conclude that the chancellor placed an erroneous construction upon the statute, and therefore reverse.
The facts are not controverted, Sesac is a New York corporation with it§ principal place of business located in New York City. It owns performance rights in various musical compositions, musical dramatic works and dramatic works, and in turn enters into agreements with radiq stations, television stations, repertory companies, educational institutions, etc. situated in Florida to perform, either visually or nonvisually, such compositions or works authorized by such agreement. Sesac from time to time sends its representatives intq the state of Florida to call on its licensees for public relations purposes. The pattern followed by the parties is that Sesac submits by mail to the prospective licensee located in Florida a proposed form agreement. The Florida concern executes the agreement, forwards same to Sesac at its principal place of business in New York City where it is executed for Sesac and returned by mail to the Florida purchaser. The chancellor found, and we agree, that-the instrument does not become a contract until executed and delivered by Sesac and; that the controlling principle is the “deposited acceptance rule”, which is simply that a contract is complete upon deposit of-the acceptance of same in the mails, properly addressed to the offeror.. Such rule, was specifically adopted by our sister court in a scholarly and exhaustive opinion authored by Allen, J., in Morrison v. Thoelke, 155 So.2d 889 (Fla.App.2d, 1963).
The chancellor reasons that because the agreements were executed' in New York City that Sesac did not s.ell', license, or otherwise dispose of the performing rights in Florida. We agree that a s^-le. of such. *754 licenses did not occur in Florida, but are of the opinion that the construction placed upon the controverted statute by the chancellor is too narrow.
As set out above, Section 543.28 provides that:
“There is levied, and there shall be collected, a tax, for the act or privilege of selling, licensing, or otherwise disposing of performing rights in compositions in this state, * * * ” (Emphasis supplied.)
As we read this portion of the section, the legislature sought and did levy a tax upon Sesac’s privilege of selling, licensing and otherwise disposing of performing rights in compositions in the state of Florida, and that the words “in this state” relate to the situs of the performance, and does not, as the chancellor concluded, restrict the incidence of the tax to the place where the agreement is executed and delivered.
Sesac also raised various constitutional questions which the chancellor, in view of his decision, declined to pass upon and which we, of course, do not reach. The cause is reversed for further proceedings in accordance with this opinion.
STURGIS, J., concurs.
WIGGINTON, J., dissents.