O’CONNELL, Justice.
This cause is before us pursuant to the certification by the District Court of Appeal, First District, that its decision, reported at 177 So.2d 752, passes upon a question of great public interest. Petitioner is a New York corporation having its principal office in New York City. Through agreements with composers, publishers, and other organizations, it controls performance rights in various musical compositions, dramatic works, and the like. Through the use of “performance licenses,” petitioner permits licensees (various radio and television stations, repertory companies, educational institutions,, etc.) in Florida and elsewhere to perform such works and compositions publicly and for profit.
Petitioner maintains no office or other facility in this state and has no local employees. Its representatives do make occasional public relations calls upon Florida licensees. Other than this, the procedure by which its business with Florida licensees is conducted is essentially as follows: Petitioner submits a printed form agreement to the prospective licensee by mail. The prospective licensee executes the agreement and returns it to petitioner in New York City. The agreement is then finally executed on behalf of the petitioner in New York City, and an executed copy is returned to the licensee in Florida.
On April 27, 1962, the respondent, as comptroller of the State of Florida, filed a complaint to enjoin the petitioner from selling, licensing the use of, or in any manner whatsoever disposing of in this stE^te, such performing rights, until the petitioner shall have complied with F.S. Sec. 543.28 F.S.A. The relevant portion of that section reads as follows:
“There is levied, and there shall be collected, a tax, for the act or privilege of selling, licensing, or otherwise disposing of performing rights in compositions in this state, in an amount equal to three per cent of the gross receipts of all such sales, licenses or other dispositions of performing rights in this state, payable annually to the state comptroller on or before the fifteenth day of March of each year, with respect to the gross receipts of the preceding calendar year. A return on a form prescribed by the comptroller shall be made by all persons subject to this tax on or before the fifteenth day of March of every year which shall accompany a remittance of the tax due.”
*614 By its amended answer, petitioner denied that it had sold, licensed the use of, or in any manner disposed of in this state any such performing rights so as to come within the terms of the statute. After motion by both parties for summary decree, the chancellor, on September 11, 1964, entered a final decree holding that since the contracts herein were entered into in New York, petitioner was not selling, licensing, or disposing in Florida and therefore did not come within the statute.
On appeal, the District Court of Appeal, First District, agreed with the chancellor that the contracts in question became final with the deposit of the acceptance in the mail by the petitioner, but disagreed with his construction of the statute. By construing the tax section quoted above in pari materia with other sections of the same act, notably Sections 543.20, 543.24 and 543.25, the chancellor had concluded that the words “in this state” referred to the disposition of the rights and not to their performance. In reversing, the District Court of Appeal held, to the contrary, that the words “in this state” related to the situs of the performance.
We have concluded that the interpretation of the statute made by the chancellor, and concurred in by Judge Wigginton in his dissenting opinion in the district court, is the correct one and that the majority decision of the district court is incorrect.
The material portion of the chancellor’s decree is copied in Judge Wigginton’s dissenting opinion. 177 So.2d 752, at pages 754-755. Because we feel the decree of the chancellor and the dissenting opinion of Judge Wigginton fully explain our views we will not repeat them here. Logic, reason, and a reading of Section 543.28 in conjunction with the other applicable sections of the statute convince us that the words “in this state” as found in that section relate to the situs of the “act or privilege of selling, licensing, or otherwise disposing of” performing rights, and not to the place of utilization of such rights. The act of licensing in this case took place in New York and is therefore not subject to the tax. The chancellor correctly entered summary judgment for the petitioner.
The opinion of the district court is therefore quashed and the cause remanded -for further proceedings consistent herewith.
It is so ordered.
THOMAS, ROBERTS and CALDWELL, JJ., concur.
THORNAL, C. J., and DREW and ERVIN, JJ., dissent.