## N.H. MORLEY & COMPANY v. DAVANDER, INC.
Case No. 83-041-AP
Eleventh Judicial Circuit, Appellate Division, Dade County
December 5, 1983

James Catlin and Sam Daniels, for appellant.

Smith, Berman & Rahl, P.A., for appellee.

Before KORVICK, SALMON, KLEIN, JJ.

PER CURIAM.

The Appellant, N.H. MORLEY & COMPANY, owns a shopping center in which Appellee, DAVANDER, INC., is a commercial tenant.

On November 1, 1982, DAVANDER, INC., did not pay the rent in accordance with the lease provisions. On that same day a Notice of Default and a demand for payment or possession were prepared and served by certified mail.

The president of DAVANDER, INC., did not make direct payment or deliver possession of the property to N.H. MORLEY & COMPANY. Instead, DAVANDER, INC. paid the rent payment into the Registry of the County Court. The lawyer for DAVANDER, INC. mailed a notice of the deposit to the lawyers of record for N.H. MORLEY & COMPANY, in another litigation matter that was pending at the time between MORELY and DAVANDER. The lawyers for both parties had no conversations with each other regarding the deposit to the County Court Registry. A Notice of Default was received by DAVANDER, INC. and DAVANDER, INC. took no further action regarding the November rent.

After the time for cure of the Default or surrender of the possession had passed, N. H. MORLEY & COMPANY filed a complaint for

eviction for non-payment of rent. DAVANDER, INC. answered, asserting notice of court payment as estoppel and as waiver. The trial court found for the defendant, DAVANDER, INC., based upon the defense of estoppel. Plaintiff, N.H. MORLEY & COMPANY, has appealed.

The record does not support an estoppel against N.H. MORLEY & COMPANY. Proof of Estoppel must be clear and convincing: *Barber v. Hatch*, 380 So.2d 536, (Fla. 5th DCA 1980).

In this case the record indicated DAVANDER, INC. paid the money into the Registry of the Court, not because they were relying on any representation by N.H. MORLEY & COMPANY, but because they did so on their own initiative. The record also reflects that no change in the manner of payment was induced by N.H. MORLEY & COMPANY.

The party claiming estoppel must have changed his position for the worse in reliance of the representation of the part sought to be estopped: *Jarrard v. Associates Discount Corporation*, 99 So.2d 272 (1951); *L.B. Price Mercantile Co. v. Gay*, 64 So.2d 87 (Fla. 1959). If there has been no change induced by the party against whom estoppel is sought, there is no estoppel. *Krest-View Nursing Home, Inc. v. Sokolow*, 177 So.2d 755 (Fla. 3rd DCA 1965).

Judgment is reversed.