268 So.2d 560 (1972)
SIX L'S PACKING COMPANY, INC., a Florida Corporation, Appellant,
v.
FLORIDA FARM BUREAU MUTUAL INSURANCE CO., Etc., et al., Appellees.
No. 71-905.
District Court of Appeal of Florida, Fourth District.
September 12, 1972.
Rehearing Denied November 29, 1972.
*561 Jack F. Weins of Abrams, Anton, Robbins & Resnick, Hollywood, for appellant.
Thomas B. Mimms, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellees.
MAGER, Judge.
This is an appeal by Six L's Packing Company, Inc., plaintiff below, from a summary final judgment entered in favor of Florida Farm Bureau Mutual Insurance Co. and Jack Whisnant, defendants below.
The controversy between the parties centers around the interpretation and application of provisions of a fire insurance policy issued by defendant and covering the contents of a tomato packing shed owned by plaintiff. The type of policy involved in this case is commonly referred to as a "value reporting form policy". Under such policy the insured makes monthly reports to the insurance company from which reports there is ascertained: (1) the value of the property to be covered under the policy; and (2) the premium ultimately to be paid.[1]
The fire insurance policy was first issued on November 1, 1961, was renewed each subsequent year and was in force and effect at the time of plaintiff's loss. The particular policy year involved in this case ran from October 31, 1966 to October 31, 1967. On October 18, 1967, plaintiff's packing shed was totally destroyed by fire, the contents of such shed having a claimed value of $31,200.00. At the time of the loss, the last report on file with the insurance company was for the month of June 1967, at which time the report reflected the contents of the shed to be "none". The monthly reports for the months of July, August and September (which would have shown the claimed value at the time of the loss) were filed on October 28, 1967, some ten days after the loss in question.
The plaintiff made demand upon the defendant based upon the values reflected in the report filed on October 28, 1967. The defendant denied liability claiming that the plaintiff had failed to comply with the provisions of Clauses 11 and 12 of the policy.
The pertinent provisions of the value reporting form policy are hereinafter set forth:
"11. VALUE REPORTING CLAUSE  It is a condition of this policy that the Insured shall report in writing to this Company not later than 30 days after the last day of each calendar month, the exact location of all property covered hereunder, the total actual cash value of such property at each location and all specific insurance in force at each of such locations on the last day of each calendar month. At the time of any loss, if the Insured has failed to file with this Company reports of values as above required, this policy, subject otherwise to all its terms and conditions, shall cover only at the locations and for not more than the *562 amounts included in the last report of values less the amount of specific insurance reported, if any, filed prior to the loss, and further, if such delinquent report is the first report of values herein required to be filed, this policy shall cover only at the respective locations specifically named herein and for not exceeding 75% of the applicable limit of liability of this Company specified in the Limit of Liability Clause. If the inception date of this policy is the last day of the calendar month, then the first report of values due shall show the total actual cash value(s) as of that date.
"12. FULL REPORTING CLAUSE  Liability under this policy shall not in any case exceed that proportion of loss (meaning the loss as provided in the Excess Clause at the location involved), which the last reported value filed prior to the loss, less the amount of specific insurance reported, if any, at the location where any loss occurs bears to the total actual cash value less the amount of specific insurance, if any, at that location on the date for which report is made. Liability for loss hereunder, occurring at any location acquired since filing the last report (except as provided by the Value Reporting Clause) shall be apportioned in a like manner except that the proportion used shall be the relation that values reported at all locations less the amount of reported specific insurance, if any, bear to the total actual cash values less the amount of specific insurance, if any, at all locations on the date for which report is made." (Emphasis added.)
The undisputed evidence in the record reflects that during the six-year period immediately prior to the policy period in question while the plaintiff was insured by the defendant, the plaintiff was consistently late in the filing of its reports which late reports the defendant apparently accepted. The only reports which appear to have been rejected during the entire policy period were the reports which plaintiff attempted to file after the fire loss of October 18, 1967.
Plaintiff in essence asserts two positions: (1) that the insurance company's acceptance of delinquent reports during the period preceding the fire constituted a waiver by the insurance company of the requirement for the timely filing of monthly reports; stated differently, whether or not the insurance company waived the timely filing of such reports and was estopped to assert noncompliance was a question of fact which precluded the entry of summary judgment. And (2) that the filing of the report on October 28, 1967, was timely since it was within the grace period prescribed by Clause 11, supra.
With respect to the question of waiver (and estoppel) it shall be observed that the policy in question contains a standard "nonwaiver" clause as follows:
"No permission affecting this insurance shall exist, or waiver of any provision be valid, unless granted herein or expressed in writing added hereto. No provision, stipulation of forfeiture shall be held to be waived by any requirement or proceeding on the part of this Company relating to appraisal or to any examination provided for herein."
In addition, the record in the case sub judice reflects that in submitting each monthly report to the insurance company the plaintiff specifically executed the following:
"I/We hereby agree that the Company's acceptance of a delinquent report shall not be prejudicial to the Company's rights under the Value Reporting Clause of the policy and shall not be deemed a waiver of the reporting requirements of such clause."
While, at first blush, this would appear to negate plaintiff's contention that defendant's acceptance of delinquent reports constituted a waiver and estoppel, it would not necessarily justify the making of such a determination in a summary proceeding inasmuch *563 as the question of waiver and estoppel inherently involve material fact questions. Ham v. Heintzelman's Ford, Inc., Fla.App. 1971, 256 So.2d 264. It does not follow, however, that the judgment should be reversed and remanded for a hearing on this question for it is our view of the law that the doctrine of waiver and estoppel is not applicable, as a matter of law, to the case sub judice.
The general rule is well established that the doctrine of waiver and estoppel based upon the conduct or action of the insurer (or his agent) is not applicable to matters of coverage as distinguished from grounds for forfeiture. 18 Fla.Jur. Insurance § 677, and 43 Am.Jur.2d Insurance § 1184. State Liquor Stores, # 1 v. United States Fire Ins. Co., Fla.App. 1971, 243 So.2d 228; Johnson v. Dawson, Fla.App. 1972, 257 So.2d 282. See also Alaska Foods, Inc. v. American Mfr's Mut. Ins. Co., Alaska 1971, 482 P.2d 842; Commonwealth Ins. Co. of New York v. O. Henry Tent & Awn. Co., 7 Cir.1961, 287 F.2d 316. In other words, while an insurer may be estopped by its conduct from seeking a forfeiture of a policy, the insurer's coverage or restrictions on the coverage cannot be extended by the doctrine of waiver and estoppel.
We are therefore faced with the threshold determination of whether the pertinent clauses go to the coverage of the policy as distinguished from furnishing a ground for forfeiture.
As will be observed from the language in Clause 11, if the insured failed to file reports of values with the company the policy "shall cover only at the locations and for not more than the amounts included in the last report of values less the amount of specific insurance reported, if any, filed prior to the loss ...". Further, under Clause 12 it is provided that "Liability under this policy shall not in any case exceed that proportion of loss ... which the last reported value filed prior to the loss, less the amount of specific insurance reported, if any, at the location where any loss occurs bears to the total actual cash value less the amount of specific insurance, if any, at that location on the date for which report is made."
Provisions of this type have been held to create conditions going to coverage and not conditions or grounds of forfeiture. Commonwealth Ins. Co. of New York v. O. Henry Tent & Awn. Co., supra; Alaska Foods, Inc. v. American Mfr's Mut. Ins. Co., supra; Peters v. Great American Ins. Co., 4 Cir.1949, 177 F.2d 773; see also 1 A.L.R.3d 1139-1172. By way of an example of this distinction, if an insured is delinquent in his monthly reporting of values the insurer cannot declare the policy forfeited but can, as a result, have its liability (coverage) limited to the last report filed prior to any loss. If an insured suffers a loss at the time when his reports are delinquent the insurer cannot disclaim liability and consider the policy forfeited by reason thereof but would, under such circumstances, be required to pay any claim subject only to the limitation that the company's liability would be fixed by the last reported value filed prior to the loss.
In the cases hereinabove and hereinafter mentioned the value reporting clauses were substantially similar, if not identical, to the clauses involved in the case sub judice. In Commonwealth Ins. Co. of New York v. O. Henry Tent & Awn. Co., supra, the United States Court of Appeals for the Seventh District considered value reporting clauses provisions similar to Clauses 11 and 12 and stated as follows, at pp. 319-320 of 287 F.2d:
"Value reporting clauses, similar to that involved here, have been the subject of judicial construction in other jurisdictions. The device of monthly reporting serves the purpose of affording complete insurance coverage on a fluctuating stock of merchandise and of determining a premium directly proportionate to the risk declared by the insured. This is a condition of benefit to the insured. Peters *564 v. Great American Ins. Co., 4 Cir., 1949, 177 F.2d 773; Camilla Feed Mills, Inc. v. St. Paul Fire & Marine Ins. Co., 5 Cir., 1949, 177 F.2d 746, 13 A.L.R.2d 705; Columbia Fire Ins. Co. v. Boykin & Tayloe, Inc., 4 Cir., 1950, 185 F.2d 771.
"Under the clear and unambiguous terms of the Value Reporting Clause, the consequence of noncompliance with the monthly reporting condition through tardy filing is a limitation on the coverage afforded in the amount of the last value reported prior to the loss. Noncompliance does not result in avoidance or cancellation of the policy. The condition is one going to coverage and not one of forfeiture of rights in respect to a defined risk. Peters v. Great American Ins. Co., supra; Columbia Fire Ins. Co. v. Boykin & Tayloe, Inc., supra."
* * * * * *
"It is the conclusion of this court that there can be no waiver of the monthly reporting clause of the policies covering this loss and that the Insured, having filed its required reports tardily, is bound by the report of value last filed prior to the fire."[2] (Emphasis ours.)
We therefore conclude that the language contained in Clauses 11 and 12 goes to the coverage of the policy in question as distinguished from furnishing grounds for forfeiture; and, accordingly, under Florida Law and the overwhelming weight of the majority the doctrine of waiver and estoppel is not available to bring within the coverage of the policy risks not covered by its terms. There are therefore no issues of fact to be determined which would affect the applicability of the doctrine of waiver and estoppel. The doctrine is simply not applicable.[3]
With respect to the plaintiff's contention that its monthly report filed on October 28, 1967, was within the grace period, it is our view that this contention is without merit and has been rejected by other courts considering similar contentions in analogous fact circumstances. It is to be observed that Clause 11 gives the insured 30 days after the last day of each calendar month within which to report its values. The plaintiff argues, in effect, that since its September report was not due until October 30, i.e., 30 days after the end of the (September) calendar month, the report filed on October 28, even though filed after the fire occurred (October 18), was nevertheless filed within the 30-day grace period. The October 28 report covering the months of July, August and September reflected a value of $31,200.00.
Obviously, if plaintiff's argument is correct then the insurer's liability would be determined by the October 28 report instead of the "last report filed prior to the loss", which was in June 1967 showing a value of "none". The cases which have held contrary to plaintiff's position are Camilla Feed Mills, Inc. v. St. Paul Fire & Marine Ins. Co., 5 Cir.1949, 177 F.2d 746; Wallace v. World Fire & Marine Ins. Co., D.C.S.D.Calif. 1947, 70 F. Supp. 193; Commonwealth Ins. Co. v. O. Henry Tent & Awn. Co., supra; Alaska Foods, Inc. v. American Mfr's Mut. Ins. Co., supra; and Sack v. Glens Falls Ins. Co., 1947, 356 Pa. 487, 52 A.2d 173. The aforementioned decisions dealt with value reporting clauses which contained the proviso that limited *565 the insurer's liability in the case of delinquent reports to the amounts included in the last report of values "filed prior to the loss". (See Clauses 11 and 12 of the policy in the case sub judice containing the identical limitation.)
In Camilla Feed Mills, Inc. v. St. Paul Fire & Marine Ins. Co., supra, the U.S. Court of Appeals of the Fifth Circuit, in commenting on contentions similar to plaintiff's, held in part:
"... This contention conflicts with the express provision of the policy which provides that in case of loss the company's liability shall be governed by the last report filed prior to the loss ... Likewise, we conclude that in this case the period of grace for the filing of reports of values does not extend to any time after the fire loss, even though the thirty-day grace period has not expired." (Emphasis ours.)
In Wallace v. World Fire & Marine Ins. Co., supra, cited by the court in Camilla, supra, the U.S. District Court of California concluded in part:
"... By no stretch of the imagination can the February report be brought within the terms of the phrase `the last report of values filed prior to the loss.' It was filed after the loss. The only report of values filed prior to the loss was filed on January 3, 1946." (Emphasis ours.)
Additional support for the proposition that the plaintiff is restricted to the report filed prior to the loss is particularly demonstrated in Sack v. Glens Falls Ins. Co., supra, which, incidentally, plaintiff cites in support of its position. In Sack the Supreme Court of Pennsylvania held that a report filed after a loss but within the 30-day grace period could be used in computing the insurer's liability for the loss. However, the underlying rationale for the court's position was the fact that the clause under consideration (which was similar to Clause 12 in the case sub judice) did not contain the phrase "last reported value filed prior to the loss". Thusly, the Supreme Court held:
"The court below held that `the last reported value' in Section 11 refers to the last report filed before the loss occurred. With this interpretation of the policy we cannot agree. If the parties had intended that Section 11 of the policy should mean last reported value filed prior to the loss, they would have so stated.
"... If this court would read into Section 11 the phrase `filed prior to the loss,' as the court below has erroneously done, it would destroy the clear meaning of the contract and nullify the time limit of thirty days specifically agreed upon by the parties...."
In the case sub judice Clauses 11 and 12 contain the specific language limiting insurer's liability to the last reported value "filed prior to the loss". The language of the clauses is clear and unambiguous and clearly controls the insurer's liability. The report filed on October 28 was untimely and the insurer was justified in rejecting that report and relying upon the June 1967 report which was filed prior to the loss.
We have considered plaintiff's remaining contentions with respect to defendant Whisnant and from our review of the record we are convinced the trial court did not err in entering summary judgment. See Page v. Staley, Fla.App. 1969, 226 So.2d 129.
For the foregoing reasons the judgment of the trial court is affirmed.
OWEN, J., and WEHLE, VICTOR O., Associate Judge, concur.
NOTES
[1] At the beginning of a policy year the insured estimates the maximum amount of reportable property he will have on hand; this figure becomes the limits of the liability of the policy; a provisional premium is then paid based upon this limit of liability; at the end of the policy year the twelve monthly reports are totaled and divided by twelve in order to obtain the average value of the contents during the policy year and then an adjusted premium bill is rendered; the bill would reflect either an additional premium or a refund from the premium originally paid at the beginning of the policy year.
[2] The cases cited by the plaintiff for the proposition that there can be a waiver of an insurance provision going to coverage are clearly distinguishable and were particularly so held in Alaska Foods, Inc. v. American Mfr's Mut. Ins. Co., Alaska 1971, 482 P.2d 842 (see footnote 42), and Commonwealth Ins. Co. of New York v. O. Henry Tent & Awn. Co., 7 Cir.1961, 287 F.2d 316. See also 1 A.L.R.3d 1139-1173.
[3] We have not overlooked plaintiff's contention that the doctrine of waiver and estoppel may be available even where a nonwaiver clause is involved. Bergh v. Canadian Universal Insurance Company, Fla. 1968, 216 So.2d 436. Whether the insured has waived the nonwaiver clause is immaterial in view of our determination that the doctrine of waiver and estoppel cannot operate to enlarge the coverage of an insurance policy.