COBB, Judge.
This case was commenced by the filing of an eviction action by the lessor of realty against the lessee and a successor to the lessee, alternately and confusingly referred to throughout the evidence as sub-lessee and an assignee of the lease. The lease was a long-term lease of twenty years. The defense of estoppel was raised, and the “as-signee” counterclaimed for foreclosure of an equitable lien, which related to improvements he had made on the premises. The original lease contained a prohibition against assignment or sub-leasing without the written consent of the lessor.
At trial there was testimony concerning a written assignment of the lease, but that document was never introduced in evidence. It has been represented to this Court at oral argument that this omission resulted from misplacement of the document at the time of trial. The evidence does not indicate that this document was signed or witnessed as required by Section 689.01, Fla.Stat. (1977). Indeed, it is not clear that it was ever physically delivered to the “assignee.” On the other hand, no objection was raised before the trial court to testimony as to the contents of this assignment.
The trial court apparently found an assignment of the lease on the basis of equitable estoppel applied against the lessor, and entered a judgment of specific performance for the “assignee” of the lease — relief which had not been requested.
The first point raised by the appellant is dispositive of this appeal: the trial court erred in finding estoppel based upon the greater weight of the evidence as opposed to the standard enunciated in the case of Jarrard v. Associates Discount Corporation, 99 So.2d 272, 277 (Fla.1957):
Before an estoppel can be raised there must be certainty and the facts necessary to constitute it cannot be taken by argument or inference, nor supplied by in-tendment. They .must be clearly and satisfactorily proved.
In the instant case, the trial court stated at the conclusion of the non-jury trial the following:
The Court finds that the greater weight of the evidence supports the defenses of the defendants and denies the petition of the complaint and of the plaintiff.
Although the final judgment is silent as to the quantum of evidence, there is no indication that the higher degree of proof required was substituted by the trial court during the interim between trial and judgment.
In the case of Hi-Acres Groves, Inc. v. Bassett, 338 So.2d 1076 (Fla. 4th DCA 1976), the question of the appropriate remedy when the trial judge employs the wrong quantum of evidence is discussed. In that case, the majority opted for temporary relinquishment of jurisdiction to the trial court for thirty days with directions that the court reconsider the evidence utilizing the proper standard of proof. The dissent considered that the trial court should not be called upon to recall all the criteria and circumstances from a stale printed record.
We do not adopt, at this time, either the majority or dissenting view in Hi-Acres as an inflexible guideline. Based on the record of the instant case, we believe that a new trial is appropriate. Cf., Rossmoor Corp. v. Tri-County Concrete Products, Inc., 375 So.2d 896 (Fla. 4th DCA 1979).
REVERSED AND REMANDED FOR NEW TRIAL.
ORFINGER, J., concurs.
UPCHURCH, J., concurs specially with opinion.