**EXCELSIOR INSURANCE COMPANY v. CARESSA, INC.**
Case No. 81-344 AP
Eleventh Judicial Circuit, Appellate Division, Dade County
September 14, 1982

Stephen E. Tunstall, for appellant.

Diane H. Tutt, for appellee.

Before GODERICH, SALMON, KORVICK, JJ.

PER CURIAM

---

During February, 1979, Caressa held a fashion show at their New York showroom. Ms. Susan Bartush, a shoe buyer, attended the show. When she arrived, she placed her coat on a coatrack provided for that purpose. When she prepared to leave the coat was missing — how, under what circumstances, and by whose hand the record does not disclose. Caressa paid Ms. Bartush $3,695.00 for the coat, and, in turn, sought reimbursement from Excelsior pursuant to the Special Multi-Peril Policy it had issued to Caressa. Excelsior denied coverage, and Caressa sued. The material facts were not in dispute, and the trial court entered summary judgment in favor of Caressa. Excelsior has appealed; we find no coverage and reverse.

Counsel, in their able briefs, have followed a torturous route through the thicket of insuring agreements, exclusions, limitations, and property not covered provisions contained in the policy. Because we find no coverage at all, it will not be necessary to discuss the exclusions, etc. referred to in the briefs. Wherever inquiry is made and whatever direction one takes, all roads lead back to the coverage contained in III. Property and Territory Covered (R.20). If Ms. Bartush's coat is not covered by those provisions, it is not covered by the policy. The last two paragraphs are inapplicable, so we must look to the first two paragraphs. The first applies to property owned by the insured. The second paragraph does cover property of others (under what precise circumstances is far from clear), but only while in the care, custody or control of the name insured. According to the undisputed facts, the missing coat was neither owned by Caressa or in its care, custody or control. Accordingly, there is no coverage, unless Excelsior is estopped to deny coverage, which Caressa contends.

The estoppel claim is based upon a letter from Excelsior stating that the care, custody and control exclusion is applicable and that no coverage exists. Caressa claims that once Excelsior raised an exclusion it waived (or was estopped to raise) any other defense, and also argues that Excelsior conceded coverage by relying upon an exclusion, because there is no reason to assert exclusions from coverage if, in the first instance, coverage does not exist under the policy.

As a general rule, insurance coverage cannot be created by estoppel, *Six L's Packing Company v. Florida Farm Bureau Mutual Insurance Company*, 268 So.2d 560 (Fla. 4th DCA 1972), but we need not reach that point. Excelsior's letter does not admit coverage and claims an exclusion. When the letter is read completely it is apparent that the company concluded that there was no coverage because of the care, custody and control provision in the insuring provision.

Reversed with directions to enter summary judgment for Excelsior.