436 So.2d 935 (1983)
R. Kay KRAMER and Victoria Joan Kramer, Appellants,
v.
UNITED SERVICES AUTOMOBILE ASSOCIATION, an insurance Cooperative Association, Appellee.
No. 82-1485.
District Court of Appeal of Florida, Fourth District.
June 29, 1983.
Rehearing and/or Clarification Denied September 20, 1983.
Joel Daves of Burdick & Daves, West Palm Beach, for appellants.
David F. Crow of Paxton, Crow, Bragg & Austin, P.A., West Palm Beach, for appellee.
GOLDMAN, M., Associate Judge.
This is an appeal from a final judgment dismissing Appellant's complaint. We reverse as to the Appellant, Victoria Joan Kramer, only.[1]
The complaint alleged that Appellee had for many years furnished automobile insurance to R. Kay Kramer. It further set *936 forth facts alleging that Appellee did not have a local agent, and Appellant was required to order insurance by long distance phone directly with Appellee. The complaint went on to allege that Victoria Joan Kramer was listed on her father's policy as an insured driver. On 8/17/81 Victoria purchased a new car, and on the advice of her father, phoned Appellee concerning insurance coverage for her new car. Victoria it is alleged, was told by Appellee that her father's existing policy covered her new car for a period of thirty days or until the vehicle could be added to this policy, or until another policy was issued.
Victoria, relying on these statements, took no further action to obtain any other insurance for her new car. To her dismay, Appellee denied coverage when the auto was damaged in an accident which occurred on 8/31/81.
Appellee's motions to dismiss and strike were granted and this appeal was then timely filed. Appellee urges us to affirm by applying the general principle that the doctrine of waiver and estoppel are not available to extend the coverage of an insurance policy or to create a primary liability. Radoff v. North American Company for Life and Health Insurance, 358 So.2d 1138 (Fla. 3rd DCA 1978); Six L's Packing Company v. Florida Farm Bureau Mutual Insurance Company, 268 So.2d 560 (Fla. 4th DCA 1972); Johnson v. Dawson, 257 So.2d 282 (Fla. 3rd DCA 1972).
We are not unmindful of this general proposition of law and the multitude of cases which assert and support it. However, the peculiar factual situation presented here cannot be resolved by a simple application of a broad, general statement of law. Nor has this legal doctrine been applied without exception.
In the case of General Motors Acceptance Corporation v. American Liberty Insurance Company, 238 So.2d 450 (Fla. 1st DCA 1970), G.M.A.C. was a lienholder with a loss payable clause in its favor in a policy written by Commercial Union Insurance Company. The day before this policy was to expire, G.M.A.C. made inquiry of Appellee's Agent and was advised that a new policy would be issued by Appellee containing a loss payable clause in favor of G.M.A.C. In reliance thereon, G.M.A.C. took no further action, and when the inevitable time came for G.M.A.C. to make a claim as lienholder, Appellee denied coverage, claiming it had only issued a 30 day binder which had lapsed without the issuance of a collision policy.
The Court reversed a judgment for Appellee, holding that it was estopped from denying coverage in view of G.M.A.C.'s reliance upon the verbal confirmation of coverage by Appellee's agent.
Another case in point is Burns v. Consolidated American Insurance Company, 359 So.2d 1203 (Fla. 3rd DCA 1978) wherein the Court recognized the broad general principle of law involved herein, but refused to apply it on the peculiar facts of that case. Instead the Court stated: "While estoppel cannot be invoked to create coverage clearly excluded by a written contract of insurance, the concept may be utilized against an insurer when its conduct has been such as to induce action in reliance on it. Mutual of Omaha Insurance Company v. Eakins, 337 So.2d 418 (Fla. 2d DCA 1976)." The Court then noted that the issue in the case is not one of estoppel creating coverage, but one of estoppel to deny the existence of an oral contract creating coverage.[2]
Another recent case has considered the issue before us, and has distinguished the application of the general rule in a similar *937 factual situation. In Peninsular Life Insurance Company v. Wade, 425 So.2d 1181 (Fla. 2d DCA 1983) the Court clearly recognized the general rule relative to waiver and estoppel, however cited numerous authorities "in which the insurer was held estopped to deny coverage where the insured was assured of coverage and sustained a loss before learning that the policy actually issued did not provide coverage for the loss in question."
The insured in the Peninsular Life case (and the Appellant herein) was affirmatively misled by the agent of the insurance company as to the extent and existence of insurance coverage.
We agree with the reasoning set forth in Peninsular, to wit:
"where an insurer or its agent misrepresents, even though innocently, the coverage of the insurance contract, or the exclusions therefrom, to an insured before or at the inception of the contract, and the insured reasonably relies thereupon to his ultimate detriment, the insurer is estopped to deny coverage after a loss or a risk from a peril actually not covered by the terms of the policy. The proposition is one of elementary and simple justice ... If the insured is saddled with coverage it may not have intended or desired, it is of its own making, because of its responsibility for the acts and representations of its employees and agents. It alone has the capacity to guard against such a result by the proper selection, training and supervision of its representatives."
The facts pled in Appellant's complaint present an unusual situation. Victoria Joan Kramer did not have the luxury of dealing with an insurance agent. As was clearly and properly alleged, the only office Appellee maintains in Florida is in Tampa, and the only manner of obtaining insurance coverage from Appellee was by telephone.
Had Victoria dealt with an insurance agent who was negligent in failing to procure the proper coverage requested by her, she would have a cause of action against the agent. Cat N' Fiddle Inc. v. Century Insurance Company, 200 So.2d 208 (Fla. 3rd DCA 1967); Caplan v. La Chance, 219 So.2d 89 (Fla. 3rd DCA 1969); de Marlor v. Foley Carter Insurance Co., 386 So.2d 22 (2d DCA 1980); Sheridan v. Greenberg, 391 So.2d 234 (Fla. 3rd DCA 1981). See also Scott v. Sun Bank of Volusia County, 408 So.2d 591 (Fla. 5th DCA 1982).
In the case before us, Victoria dealt telephonically directly with the Appellee, at the latter's direction. She should not be prejudiced because of Appellee's method of doing business.[3]
The complaint, while not a model pleading, does state a cause of action as to Victoria Joan Kramer, and therefore the judgment appealed from is affirmed as to R. Kay Kramer and reversed as to Victoria Joan Kramer with directions to reinstate said complaint as to the latter Appellant.
LETTS, C.J., and DOWNEY, J., concur.
NOTES
[1] Appellants concede that there is no cause of action stated on behalf of R. Kay Kramer.
[2] In the case of Liberty Mutual Fire Insurance Company v. Sanderman, 286 So.2d 254 (Fla. 3rd DCA 1973) the Court, while not mentioning either waiver or estoppel, clearly found the existence of coverage based on these doctrines. To the same effect see also Emmco Insurance Company v. Marshall Flying Service, Inc., 325 So.2d 453 (Fla. 2d DCA 1976).

See also Cigarette Racing Team Inc. v. Parliament Insurance Co., 395 So.2d 1238 (Fla. 4th DCA 1981) where the Court, while recognizing the general rule, noted an exception where the carrier assumes the defense of an action with knowledge of facts which would have permitted it to deny coverage.
[3] We need not decide whether Appellee's actions created an oral modification of an existing contract since this was neither pled nor argued.