472 So.2d 870 (1985)
CROWN LIFE INSURANCE COMPANY, Appellant,
v.
Steven Patrick McBRIDE, Appellee.
No. 84-1131.
District Court of Appeal of Florida, Fourth District.
July 17, 1985.
Robert D. Friedman and Arnold L. Berman of Shutts & Bowen, Miami and West Palm Beach, for appellant.
Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, and Frates & McCall, Palm Beach, for appellee.
PER CURIAM.
We affirm upon the authority of Kramer v. United Services Automobile Association, 436 So.2d 935 (Fla. 4th DCA 1983) and Peninsular Life Insurance Co. v. Wade, 425 So.2d 1181 (Fla. 2d DCA 1983). In so doing we acknowledge that we are approving appellee's recovery on the legal and factual basis that the appellant insurance *871 company was estopped to deny coverage to appellee. We hold that the company may be estopped from denying coverage and that the evidence in this case was sufficient for the jury to find an estoppel, as it did. We have considered and reject each of the other issues raised on appeal, and affirm the judgment of the trial court in its entirety.
Notwithstanding an affirmance we recognize the existence of some confusion over the law in this state on the issue of whether insurance coverage may be established by estoppel, especially in light of this court's prior opinion refusing to recognize an estoppel in Six L's Packing Co. v. Florida Farm Bureau Mutual Insurance Co., 268 So.2d 560 (Fla. 4th DCA 1972), cert. discharged, 276 So.2d 37 (Fla. 1973). While we believe Six L's and this case, as well as those cited above, are factually distinguishable, we hereby certify to the Florida Supreme Court the following question of great public importance in order to resolve the continuing debate over this issue:
MAY THE THEORY OF EQUITABLE ESTOPPEL BE UTILIZED TO PREVENT AN INSURANCE COMPANY FROM DENYING COVERAGE?
ANSTEAD and LETTS, JJ., concur.
HERSEY, C.J., concurs specially with opinion.
HERSEY, Chief Judge, concurring specially.
I agree with the conclusions of the majority opinion that, (1) on the facts of this case the insurance company is estopped to deny coverage to the handicapped defendants and (2) that this case is distinguishable from the Six L's Packing Co. case, supra. I also believe, however, that there is substantial competent evidence on this record to support a finding of an oral agreement, binding on the insurance company, to waive the exclusions which otherwise might have precluded coverage.