498 So.2d 1268 (1986)
EXECUTIVE HEALTH SERVICES, INC., and Wayne O. Montgomery, M.D., Appellants,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Appellee.
No. 86-85.
District Court of Appeal of Florida, Second District.
October 10, 1986.
Rehearing Denied December 22, 1986.
Clifford J. Schott of Schott & Dale, P.A., Lakeland, for appellants.
Terrence E. Kehoe of Haas, Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Orlando, for appellee.
LEHAN, Judge.
This is an appeal from a final summary judgment adverse to the insured in this declaratory judgment action filed by an insurer to determine the extent of coverage under a general liability policy. Because we conclude that there is a genuine issue of material fact as to whether the insurer is estopped to deny coverage, we reverse.
Executive Health Services, Inc. owned and operated a medical clinic. Dr. Wayne O. Montgomery was paid by Executive Health Services to provide medical services to the clinic's patients. The parties describe Dr. Montgomery's employment status as that of an independent contractor. Under the terms of his arrangement with Executive Health Services, Dr. Montgomery was required to provide his own insurance coverage for medical malpractice.
At the time of the accident giving rise to this action, State Farm Fire and Casualty Company had issued to Executive Health Services a general liability insurance policy which provided in part as follows.
The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of *1269 the insured premises and all operations necessary or incidental to the business of the named insured conducted at or from the insured premises... .
... .
[T]he insurance does not apply to bodily injury or property damage due to:
1. the rendering of or failure to render
(a) medical, surgical, dental, x-ray or nursing service or treatment, or the furnishing of food or beverages in connection therewith;
(b) any service or treatment conducive to health or of a professional nature... .
The accident occurred when a patient went to the emergency room facility of the clinic for treatment of an injury he had suffered at work. A nurse spoke to the patient and wrote down the pertinent information. The patient was then seated on an examination table in an examination room. Dr. Montgomery entered, read the nurse's notes, and asked the patient about his injury. Dr. Montgomery then instructed the patient to lie down on the examination table. When the patient did so, the table tilted up at one end, causing the patient to fall off and land on his shoulder. After the fall, the patient was assisted and examined by Dr. Montgomery in regard to both any possible injuries caused by the fall and the original injury.
Subsequently the patient sued Executive Health Services and Dr. Montgomery, alleging that their negligence caused the fall from the examination table. In a separate action, from which this appeal arises, State Farm petitioned for a declaratory decree on the issue of whether the above-quoted exclusion provision of its policy precluded coverage for the accident.
Both the plaintiff and defendants in the declaratory action filed motions for summary judgment. The trial court denied the appellants' motion and granted State Farm's motion. This appeal followed.
Appellants first contend that the trial court erred in granting State Farm's motion because the terms of the policy did not exclude coverage. They argue that the injuries the patient allegedly sustained in his fall from the examination table were not injuries due to the rendering of medical treatment within the terms of the policy exclusion. But we need not address that argument because the policy also excludes from coverage "bodily injury ... due to ... the rendering of ... medical ... service ... [and] ... any service ... conducive to health... ." There can be no question that the accident came within those portions of the exclusion. We conclude that the trial court would not have erred in entering summary judgment for the insurer if the policy terms were the only issue.
However, appellants also contend that certain statements made by State Farm's agent bound State Farm to provide coverage for this accident. They argue that after the accident the agent stated that the policy coverage would apply. But that appears to have been an opinion of the agent, and appellants have not shown that they in any way relied upon it as a representation.
They additionally argue that before the accident the agent had stated to the insured that the policy provided full and complete liability coverage to the insured, except coverage for medical malpractice. This argument is not without merit.
Although representations by an agent as to coverage under an insurance policy made before the policy is issued do not estop the insurer from denying coverage, see Hydraulic Equipment Systems & Fabrication, Inc. v. Pennsylvania Millers Mutual Insurance Co., 277 So.2d 53, 56-7 (Fla. 3d DCA 1973); State Liquor Stores #1 v. United States Fire Insurance Co., 243 So.2d 228, 233-35 (Fla. 1st DCA 1971), such a representation made after the issuance of the policy and before the incident giving rise to a claim under the policy can estop the insurer from denying coverage. See Peninsular Life Insurance Co. v. Wade, 425 So.2d 1181 (Fla. 2d DCA 1983). See also Crown Life Insurance Co. v. McBride, 472 So.2d 870 (Fla. 4th DCA 1985); Kramer v. United Services Automobile *1270 Association, 436 So.2d 935 (Fla. 4th DCA 1983).
In this case we cannot conclude from our examination of the record that the alleged statement about coverage could not have been a representation, enforceable under Wade, that there was more coverage than that actually provided by the policy. The policy terms did not exclude from coverage only malpractice, as the agent is alleged to have said, but excluded, among other things, the "rendering of ... any service ... conducive to health... ." Also, we cannot conclude whether any such representation was made at a time after the policy was issued and before the accident. Accordingly, we cannot conclude that there was no issue of material fact.
We find no merit in appellants' other contention that the terms of the policy's exclusions made the policy more restrictive than the insured was entitled to assume.
Reversed and remanded for proceedings consistent herewith.
SCHOONOVER, A.C.J., and SANDERLIN, J., concur.