517 So.2d 660 (1987)
CROWN LIFE INSURANCE COMPANY, Petitioner,
v.
Steven Patrick McBRIDE, Respondent.
No. 67476.
Supreme Court of Florida.
November 5, 1987.
Rehearings Denied January 29, 1988.
*661 Brenton N. Ver Ploeg, Arnold L. Berman and Robert P. Major of Shutts & Bowen, Miami, for petitioner.
Frates & McCall, Palm Beach, and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for respondent.
SHAW, Justice.
We have for review Crown Life Insurance Co. v. McBride, 472 So.2d 870 (Fla. 4th DCA 1985), in which the district court certified the following as being a question of great public importance:
May the theory of equitable estoppel be utilized to prevent an insurance company from denying coverage?
Id. at 871. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons set forth below, we answer the certified question in the affirmative to the limited extent expressed herein.
In November 1977, McBride, father of respondent, inquired of Crown Life whether group health insurance coverage offered through his newly accepted employment would cover respondent who was at that time twenty years old, suffering from a genetic premature aging disease, in a special high school class for slow learners, and financially dependent upon his father. During discussions with the Crown Life group service supervisor and the insurance broker through whom the employer had purchased the group policy, McBride was allegedly led to believe that respondent would be covered. McBride asserts that in reliance upon Crown Life's representations, he allowed the conversion option on the respondent's prior coverage to lapse and took out group coverage with Crown Life Insurance Company.
Respondent brought suit for recovery of benefits due under the written policy. Crown Life denied that respondent was a dependent under the policy, claiming that he was age twenty-three when the medical expenses were incurred and that he had been disabled from the inception of McBride's group coverage.[1]
The trial court allowed respondent to amend his complaint to include claims for recovery based on estoppel and oral contract. The court denied Crown Life's motion for continuance and, at the close of the evidence, directed a partial verdict finding that respondent was not entitled to recover under the written policy. The case went to the jury on the theories of estoppel and oral contract. The jury verdict and final judgment in respondent's favor on these theories was affirmed by the district court on the authority of Kramer v. United Services Automobile Association, 436 So.2d 935 (Fla. 4th DCA 1983), and Peninsular Life Insurance Co. v. Wade, 425 So.2d 1181 (Fla. 2d DCA 1983).
The general rule in applying equitable estoppel to insurance contracts provides that estoppel may be used defensively to prevent a forfeiture of insurance coverage, but not affirmatively to create or extend coverage. Six L's Packing Co. v. Florida Farm Bureau Mutual Insurance Co., 268 So.2d 560 (Fla. 4th DCA 1972), cert. discharged, 276 So.2d 37 (Fla. 1973). "[E]quitable estoppel is not designed to aid a litigant in gaining something, but only in preventing a loss. In other words, it will not avail in offense, but only in defense." Kerivan v. Fogal, 156 Fla. 92, 96, 22 So.2d 584, 586 (1945).
An exception to the general rule is the doctrine of promissory estoppel, a qualified form of equitable estoppel which applies to representations relating to a future act of the promisor rather than to an existing *662 fact. Southeastern Sales & Service Co. v. T.T. Watson, Inc., 172 So.2d 239 (Fla. 2d DCA 1965). In South Investment Corp. v. Norton, 57 So.2d 1 (Fla. 1952), we noted that:
The authorities recognize and apply the doctrine of promissory estoppel when the promise or representation relates to the abandonment of existing rights; but, ordinarily, a truthful statement as to the present intention of a party with regard to his future act is not the foundation upon which an estoppel may be built.
Id. at 3 (citations omitted). However, in Mount Sinai Hospital, Inc. v. Jordan, 290 So.2d 484 (Fla. 1974), we found promissory estoppel applicable to a charitable pledge, recognizing that although "[a] mere gratuitous promise of a future gift, lacking consideration, is simply unenforceable as a nudum pactum. When the gratuitous promise is coupled with an inducement for others to subscribe, the promise is no longer void on its face." Id. at 486. The doctrine, however, only applies where to refuse to enforce a promise, even though not supported by consideration, "`would be virtually to sanction the perpetration of fraud or would result in other injustice.'" Southeastern Sales, 172 So.2d at 241, (quoting 19 Am.Jur. Estoppel § 53 (1939)). Such injustice may be found where the promisor reasonably should have expected that his affirmative representations would induce the promisee into action or forbearance substantial in nature, and where the promisee shows that such reliance thereon was to his detriment. See Mount Sinai Hospital.
We see no reason why this equitable doctrine should not also apply to insurance contracts. We note that several of the district courts have, in effect, found the concept applicable, albeit in the guise of equitable estoppel and/or oral contract. Kramer; Wade; Burns v. Consolidated American Insurance Co., 359 So.2d 1203 (Fla. 3d DCA 1978); General Motors Acceptance Corp. v. American Liberty Insurance Co., 238 So.2d 450 (Fla. 1st DCA 1970). We also note that, while our holding represents a minority view throughout the nation, a number of courts have adopted this position in recent years. See, e.g., Travelers Indemnity Co. v. Holman, 330 F.2d 142 (5th Cir.1964); United Pacific Insurance Co. v. Meyer, 305 F.2d 107 (9th Cir.1962); Ivey v. United National Indemnity Co., 259 F.2d 205 (9th Cir.1958); Darner Motor Sales, Inc. v. Universal Underwriters Insurance Co., 140 Ariz. 383, 682 P.2d 388 (1984); Lewis v. Continental Life & Accident Co., 93 Idaho 348, 461 P.2d 243, (1969); Harr v. Allstate Insurance Co., 54 N.J. 287, 255 A.2d 208 (1969); Martinez v. John Hancock Mutual Life Insurance Co., 145 N.J. Super. 301, 367 A.2d 904 (1976); Security Insurance Co. v. Greer, 437 P.2d 243 (Okla. 1968); Allstate Insurance Co. v. State Farm Mutual Automobile Insurance Co., 67 Or. App. 623, 679 P.2d 879 (1984); Crescent Company of Spartanburg, Inc. v. Insurance Company of North America, 266 S.C. 598, 225 S.E.2d 656 (1976). Accordingly, we answer the certified question in the affirmative to this limited extent, finding that the form of equitable estoppel known as promissory estoppel may be utilized to create insurance coverage where to refuse to do so would sanction fraud or other injustice.
Turning to the merits of this cause, we find that respondent failed to meet his burden of proving his detrimental reliance upon Crown Life's representations. The sole evidence submitted in proof of this essential element was McBride's testimony that respondent had been previously covered under McBride's group coverage offered through his prior employment and that he had the option of converting that coverage to an individual policy. Respondent offered no written policy, memoranda, witnesses, or other evidence to support this testimony. Further, respondent admitted that he did not know what benefits were offered under the conversion coverage. The record reveals no evidence as to the duration or extent of this alleged prior coverage. In short, respondent did not prove that the lapsing of the prior coverage was to his detriment or that refusal to enforce the alleged promise would sanction the perpetration of a fraud.
*663 The jury also found for respondent on the theory of oral contract. Crown Life claims that the trial court erred in granting respondent's ore tenus motion to amend his complaint to include this theory of recovery and denying petitioner's motion for continuance for discovery regarding the alleged oral contract. It is within the sound discretion of the trial court to allow amendment of the complaint and such "leave of court shall be given freely." Fla.R.Civ.P. 1.190(a). However, since this theory of recovery was not asserted until trial,[2] we agree with Crown Life that it was error to deny its motion for continuance. Crown Life was effectively precluded from raising a viable defense to the claimed oral contract or from conducting discovery thereon. This error is harmless, however, for we find no evidence in the record of any consideration for this separate oral contract. Proof of detrimental reliance under respondent's estoppel theory of recovery would have supplied the missing element of consideration. However, as explained above, respondent was not successful in proving promissory estoppel. Accordingly, there is no competent, substantial evidence supporting the jury's finding of an oral contract.
For the reasons stated herein, we quash the decision of the district court and remand for proceedings consistent with this opinion.
It is so ordered.
KOGAN, J., concurs.
GRIMES, J., concurs specially with an opinion, in which SHAW, J., concurs.
WILLIS, Ben C. (Ret.), Associate Justice, concurs with an opinion.
McDONALD, C.J., concurs in result only.
EHRLICH, J., concurs in part and dissents in part with an opinion, in which McDONALD, C.J. and OVERTON, J., concur.
GRIMES, Justice, specially concurring.
Strong arguments can be made for both sides in cases such as this. It is manifestly unjust to deny recovery to an insured who relied to his detriment upon a specific assurance of the carrier that his coverage would be effective. On the other hand, the application of promissory estoppel to create coverage facilitates the possibility of fraudulent claims. Perhaps this is sufficient justification for the requirements that the proof must be by clear and convincing evidence. Jarrard v. Associates Discount Corp., 99 So.2d 272 (Fla. 1957); Barber v. Hatch, 380 So.2d 536 (Fla. 5th DCA 1980). Because of my confidence in our adversary system of justice, I am compelled to come down on the side which authorizes a just result when the true facts are developed.
SHAW, J., concurs.
WILLIS, BEN C., (Retired) Associate Justice, concurring.
I concur in the conclusions and dispositions set forth in the opinion prepared by Mr. Justice Shaw. I am mindful of certain dangers which may arise in relaxing the ruling in Six L's Packing Co. v. Florida Farm Bureau Mutual Insurance Company, 268 So.2d 560, 563 (Fla. 4th DCA 1972) cert. discharged 276 So.2d 37 (Fla. 1973) that: "The general rule is well established that the doctrine of waiver and estoppel based upon the conduct or action of the insurer (or his agent) is not applicable to matters of coverage as distinguished from grounds for forfeiture." (Emphasis omitted.) However, I am convinced of the soundness under equitable principles of the application to insurance coverage cases of the doctrine of promissory estoppel arising when a promisor makes a promise which he should reasonably expect to induce action or forbearance of a substantial character on the part of the promisee to his detriment and which actually occurs. Peninsular *664 Life Insurance Co. v. Wade, 425 So.2d 1181, (Fla. 2nd DCA 1983); Kramer v. United Services Automobile Ass'n., 436 So.2d 935 (Fla. 4th DCA 1983).
It is to be noticed that the doctrine applies only where to refuse to enforce a promise would virtually sanction the perpetration of fraud or result in other injustice. Furthermore, to support a finding of equitable estoppel the facts necessary to constitute it must be shown with certainty and not taken by argument or inference, nor supplied by intendment, but clearly and satisfactorily proved. This is a significantly higher degree of proof than by the greater weight of the evidence. Jarrard v. Associates Discount Corp., 99 So.2d 272 (Fla. 1957); Barber v. Hatch, 380 So.2d 536 (Fla. 5th DCA 1980).
These standards, and the quantum of proof required, places the burden upon the trial court to ascertain that there is competent, substantial evidence adduced at the trial which would constitute clear and convincing proof of the existence of the factual elements necessary to establish an estoppel, before submitting the issue to a jury. Strictly enforcing these proof requirements is necessary to prevent this variance of following the clear and unambiguous terms of a written contract from creating intolerable confusion and spurious claims.
EHRLICH, Justice, concurring in part and dissenting in part.
I concur in the result of the Court's judgment, but I cannot agree that the theory of equitable estoppel may be utilized to prevent an insurance company from denying coverage.
In my opinion, the certified question has been answered by this Court in the negative in Six L's Packing Co., Inc. v. Florida Farm Bureau Mutual Insurance Co., 276 So.2d 37 (Fla. 1973) in adopting the decision of the district court of appeal.
The general rule is well established that the doctrine of waiver and estoppel based upon the conduct or action of the insurer (or his agent) is not applicable to matters of coverage as distinguished from grounds for forfeiture. 18 Fla.Jur. Insurance § 677, and 43 Am.Jur.2d Insurance § 1184. State Liquor Stores, #1 v. United States Fire Ins. Co., Fla. App. 1971, 243 So.2d 228; Johnson v. Dawson, Fla.App. 1972, 257 So.2d 282. See also Alaska Foods, Inc. v. American Mfr's Mut. Ins. Co., Alaska 1971, 482 P.2d 842; Commonwealth Ins. Co. of New York v. O. Henry Tent & Awn. Co., 7 Cir.1961, 287 F.2d 316. In other words, while an insurer may be estopped by its conduct from seeking a forfeiture of a policy, the insurer's coverage or restrictions on the coverage cannot be extended by the doctrine of waiver and estoppel.
268 So.2d 560, 563 (Fla. 4th DCA 1972).
That is still good law. The majority is seemingly endeavoring to whittle away on it by use of the doctrine of promissory estoppel. I find its efforts to be totally unconvincing.
McDONALD, C.J., and OVERTON, J., concur.
NOTES
[1] The policy defines dependents as:

Any unmarried child of an insured employee, who is less than 19 years of age.
Any unmarried child of an insured employee, who is at least 19 years of age but less than 23 years of age who is enrolled in and in full-time attendance in a recognized college or university.
[2] Respondent argues that the allegations set forth in his reply were sufficient to put petitioner on notice as to the oral contract issue. We disagree. The reply asserts only that petitioner assured respondent that he was covered by the group policy and that consequently he is estopped from asserting otherwise.