PER CURIAM.
This appeal arises out of an auto accident. A simplified recitation of the facts follows. Catherine Fox, who had rented a car from Alamo Rent-A-Car while she was on vacation, was involved in an accident which injured Kathleen Marullo, a passenger in the rental car. There were several insurance companies that had applicable liability insurance policies: The first and second layers of coverage were provided by Southeastern Fidelity Insurance Company and Employers National Insurance Corporation which provided primary coverage for *288 Alamo in the total amount of $100,000. The third layer of coverage was provided by Wausau Underwriters Insurance Company under a policy issued to Fox’s father. Wausau provided $100,000 coverage. The Fourth and Fifth layers of coverage were provided by Employers National Insurance Corporation and Canal Insurance Company in their excess policies to Alamo in the total amount of $300,000. Fox was not insured under these excess policies.
Marullo sued Fox, Alamo and Southeastern. Ultimately she settled the case for $400,000 and a final judgment in this amount was entered. The attorney representing Canal and Employers advised Fox to sign an admission of liability, which she did. Pursuant to the settlement agreement Southeastern and Employers paid Marullo the first layer of coverage which amounted to $100,000. Wausau was to provide the next layer of coverage but paid nothing because, among other reasons, it believed that the other insurance companies had not dealt with Fox in good faith. Then, because $300,000 of the $400,000 settlement was unpaid, Canal and Employers paid the remaining $300,000 portion of the settlement. The attorneys neither requested nor obtained from Marullo a release from nor satisfaction of the $300,000 judgment against Fox. However Canal and Employers did receive from Marullo an assignment of the $300,000 unsatisfied interest in the final judgment.
Subsequently Canal and Employers sued Fox and Wausau. Count I sought indemnification for the full $300,000 amount which they had paid. Count II was a claim only for the $100,000 portion of the settlement which Wausau had not paid. Count III alleged that Wausau had breached its fiduciary obligation to Fox. The trial court entered a directed verdict in favor of Fox and Wausau on Counts I and III but sent Count II to the jury. Wausau defended Count II on grounds of estoppel and breach of an insurer’s duty of good faith. Initially the jury returned a verdict in favor of Fox and Wausau on Count II, but the trial court entered judgment notwithstanding the verdict in favor of Canal and Employers for $100,000. Wausau and Fox appeal this judgment. Canal and Employers cross appeal the directed verdicts against them on Counts I and III.
I. Canal and Employer’s suit against Fox and Wausau.
A. Counts I and III. We affirm the directed verdicts on Count I (indemnification) and III (bad faith) of Canal and Employer’s action against Fox and Wau-sau. Canal and Employers argue that since they paid the judgment against Fox they were entitled to indemnification as a matter of law. We reject this argument because the judgment against Fox was never satisfied. If Canal and Employers were to recover $300,000 against Fox and Wau-sau they would still hold the assignment of the outstanding judgment against Fox. This could allow them to impermissibly execute on a total of $600,000 — a double recovery.
B. Count II. We also affirm the judgment JNOV entered on Count II of Canal and Employer’s action (the claim for Wausau’s $100,000 portion of the settlement.) Part of Wausau’s defense to the claim that it had improperly refused to pay its portion of the settlement with Marullo was that Canal and Employers had breached their duties to deal in good faith with Fox. Wausau asserts that it was never advised of Marullo's lawsuit against Fox. We find that Wausau had an affirmative duty to investigate to determine whether there would be any claim made against its policy once Wausau learned of the accident. The failure to investigate prevents Wausau from arguing that it was inadequately informed by the other insurance companies. Additionally, we note that the result of an affirmance on Count II is that Wausau (not Fox) remains liable only for the $100,000 portion of the settlement. This is because Fox assigned to Wausau all of her claims arising out of the automobile accident against Southeastern, Employers, and Canal, in exchange for Wausau's agreement to hold Fox harmless against any and all liability which Canal and Employers had against Fox.
*289 II. Wausau’s counterclaim against Southeastern, Employers and Canal.
A. The Count for promissory es-toppel. Wausau filed a counterclaim for promissory estoppel against Southeastern, Employers and Canal. Wausau argued that Pox should have been covered by all of the insurance on the Alamo car (including the excess policies.) Wausau argued that coverage was created in favor of Fox under those policies under the doctrine of promissory estoppel, citing Crown Life Insurance Company v. McBride, 517 So.2d 660 (Fla.1987). In Crown Life Mr. McBride, asked Crown Life whether the group health insurance offered at his new employment would cover his son (who suffered from a premature aging disease). McBride was told that the 20 year old boy would be covered. McBride argued that in reliance on this representation he allowed his prior coverage to lapse. Subsequently Crown Life denied coverage because the policy only insured children less than 19 years of age. McBride argued that the insurance company was estopped from denying coverage and a jury returned a verdict in favor of McBride. On appeal the Florida Supreme Court explained that the doctrine of promissory estoppel could be utilized to create insurance coverage when to refuse to do so would be to sanction a fraud.
The trial court in the instant case rejected the argument that under Crown Life coverage was created in favor of Fox and the court entered a directed verdict against Wausau on the count for promissory estop-pel.
Wausau argues on appeal that Crown Life is applicable and that the trial court should not have directed a verdict against it because there was evidence to show that Southeastern, Canal and Employer’s representations to Fox caused her not to obtain her own attorney, to her detriment.
Among other arguments, the excess insurance companies respond that Crown Life does not support Wausau’s position because no one at those companies advised Fox that she had insurance coverage under their policies as the insurance company did in Crown Life. They also argue that this is not a case where Fox failed to procure additional insurance coverage under a belief that she was being afforded coverage.
We find merit in the argument that Crown Life is distinguishable under circumstances such as these where there was no evidence that Fox failed to obtain other insurance in the belief that she would be afforded coverage under the excess policies. Thus, we affirm on this point.
B. The count for bad faith. Wau-sau’s counterclaim also contained a count for bad faith. This count alleged that Canal and Employers never advised Fox of her settlement opportunities, never warned her of the possibility of an excess judgment, or that they were seeking indemnification. The trial court sent this issue to the jury and a verdict was returned in favor of Canal and Employers. Now on appeal Wausau argues that the verdict in favor of Canal and Employers is not supported by competent substantial evidence, that there was no evidence to support the jury’s finding that Canal, Southeastern and Employers did not engage in bad faith conduct towards Fox. Wausau argues that nothing in the records indicates that Fox was advised of her limited coverage and that to the contrary she was told that she was fully covered.
It appears that there is some support for the jury verdict, in that Canal had discussed the issue of indemnification with Fox’s private counsel in New York. Also the fact that the excess carriers expressed their willingness to waive any claims for indemnification if Wausau would pay its portion of the settlement supports the conclusion that they were not dealing with Fox in bad faith. Because there was some support for the jury verdict we affirm the judgment in favor of the excess carriers on the counterclaim for bad faith.
Accordingly, the judgment of the trial court is AFFIRMED.
LETTS, WALDEN and WARNER, JJ., concur.