COBB, Judge.
This appeal challenges the trial court’s determination, via summary judgment, that Peggy Homrich was not entitled to insurance coverage for a preexisting condition (otosclerosis) pursuant to the terms of a policy issued by American Chambers Life Insurance Company (hereinafter American Chambers). The judgment was based on the uncontroverted testimony of Homrich’s treating physician.
On the facts presented, we would agree with the trial court’s determination that Homrich’s otosclerosis, for which she underwent surgery in June, 1986, was a preexisting condition under the terms of the policy which she purchased in October, 1985.[1] See Preferred Risk Life Ins. Co. v. Sande, 421 So.2d 566 (Fla. 5th DCA 1982). We can also agree with the appellee that under the facts presented to the trial court, the definitions in the policy itself, rather than any conflicting language in the insurance application control. This is so because the uncontroverted evidence was that Homrich did not even read, much less rely upon, the language in the application prior to the issuance of the policy. See Hydraulic Equipment Systems & Fabrication, Inc. v. Pennsylvania Millers Mut. Ins. Co., 277 So.2d 53 (Fla. 3d DCA 1973).
In her third amended complaint, Homrich alleged that an agent of American Chambers, James Caldwell, fraudulently or negligently “misrepresented the information required to qualify for health coverage with American Chambers.” The crux of this allegation was that Homrich did not read the application but simply relied upon Caldwell to fill it out for her, and he did not ask her to disclose the names of all physicians she had consulted within a five year period, but only that of her gynecologist. Even if the facts alleged to support the two alternative counts of fraud and negligence relating to Caldwell are true, this would not change the policy definition of “preexisting condition” or entitle Homrich to coverage in this case. It would merely deprive American Chambers of the factor of nondisclosure as a ground for denial of coverage.
The problem we perceive with the summary judgment below relates to Hom-rich’s assertion that American Chambers is *350 estopped from denying coverage because its agent assured Homrich, prior to surgery, that if she did not know the name of the condition (otosclerosis) before the effective date of the policy, it cannot be considered a preexisting condition. Appellant’s brief argues:
On May 28, 1986, Homrich contacted American Chambers about coverage for her impending surgery for otosclerosis. After being apprised of the relevant facts, the agent assured Homrich that the condition was not pre-existing if Homrich had not known its name prior to the effective date of The Policy. Hom-rich relied on that advice and had the surgery. Even if Homrich’s condition was “pre-existing”, American Chambers is estopped by the assurances of the its agent from relying on that defense to deny coverage.
Although representations by an agent as to coverage under an insurance policy made before the policy is issued do not estop the insurer from denying coverage, representations made after the issuance of the policy and before the incident giving rise to a claim can estop the insurer from denying coverage. Crown Life Insurance Company v. McBride, 517 So.2d 660 (Fla.1987). In McBride, the Florida Supreme Court specifically endorsed the theory of promissory estoppel under these circumstances. Although the court held that the insured did not prove the necessary detrimental reliance in that case, it nevertheless
answer[ed] the certified question in the affirmative to this limited extent, finding that the form of equitable estoppel known as promissory estoppel may be utilized to create insurance coverage where to refuse to do so would sanction fraud or other injustice.
Id. at 663.
Other cases have upheld the concept of promissory estoppel under facts analogous to those asserted by the claimant here. See Warehouse Foods, Inc. v. Corporate Risk Management Services, Inc., 530 So.2d 422 (Fla. 1st DCA 1988); Executive Health Services, Inc. v. State Farm Fire and Casualty Co., 498 So.2d 1268 (Fla. 2d DCA 1986); Kramer v. United Services Auto. Ass’n, 436 So.2d 935 (Fla. 4th DCA 1983). There was evidence before the trial court that an agent of American Chambers assured Homrich that otosclerosis was not a preexisting condition excluding coverage and, based on that assurance, Homrich underwent elective surgery. This created a factual dispute precluding summary judgment on the estoppel issue.
In its Answer Brief, American Chambers asserts that the trial court was correct not to consider the issue of promissory estoppel which was not pled by Hom-rich in any of her previous complaints. In making this assertion, American Chambers relies on the fact that Homrich’s third amended complaint, although alleging that the agent assured her of coverage and she thereafter underwent surgery for otoscler-osis, did not expressly allege that she acted in reliance on the agent’s assurance in proceeding to surgery.
The appellees’ argument perhaps would sustain an order of dismissal with leave to amend, but not a summary judgment. See Dependable Ins. Co. Inc. v. Landers, 421 So.2d 175 (Fla. 5th DCA 1982). The language of the pleading creates at least the inference of reliance in the absence of any contrary proof, and the proof presented by the plaintiff for purposes of the summary judgment hearing was that she would not have had the surgery except for her reliance on the agent’s advice that it was covered by the policy.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
GOSHORN, C.J., and RICHARDSON, E.J., Associate Judge, concur.

. The effective date of the policy was November 1, 1985.