GERSTEN, J.
JN Auto Collection, Corp. (“JN”) appeals a directed verdict in favor of U.S. Security Insurance Company (“U.S.”). We reverse.
JN is a used car dealer in the business of buying and selling repaired vehicles, some of which have state-issued certificates of destruction. For several years, U.S. sold general liability garage keepers insurance to JN. In May 2006, U.S. added an endorsement to its garage keepers insurance policies, which excluded coverage for vehicles with state-issued certificates of destruction. None of the policies previously issued to JN included this exclusion. Therefore, JN was unaware of the new endorsement.
On January 16, 2007, JN renewed its insurance policy with U.S. over the phone, thereby creating a temporary insurance binder, pursuant to section 627.420, Florida Statutes (2006). The next day, an automobile with a certificate of destruction was stolen from JN’s lot. Thereafter, JN made a claim under its policy for the theft, and U.S. began to investigate the claim.
In April 2007, U.S. issued the telephoni-eally bound policy. The policy included the exclusion for vehicles with certificates of destruction. Subsequently, when U.S. failed to pay under the policy, JN sued for declaration of coverage and breach of contract, and the case proceeded to a jury trial.
At trial, the jury requested that the trial court ask the U.S. adjuster: “Was the policyholder ... advised formally of the endorsement to his policy on or before the effective date of the endorsement ... ?” The trial court posed the question, and the adjuster answered that she did not know.
In contrast, JN’s president testified that he was not told about the endorsement. He further stated that, because of the nature of his business, he would not have purchased an insurance policy with such an endorsement.
The jury returned a verdict finding that U.S. breached its contract and awarded JN damages for the stolen vehicle. Thereafter, the trial court granted U.S.’ motion for directed verdict, reasoning that the endorsement applied and excluded coverage for the theft. This appeal followed.
On appeal, JN asserts that the trial court erred in granting U.S.’ motion for directed verdict because U.S. should be promissorily estopped from enforcing the endorsement exclusion. U.S., on the other hand, contends that the trial court properly directed the verdict on coverage because JN failed to prove promissory estoppel. We agree with JN and reverse.
Generally, insurance coverage cannot be extended by estoppel. Crown Life Ins. Co. v. McBride, 517 So.2d 660, 661 (Fla.1987); Lloyds Underwriters at *258 London v. Keystone Equip. Fin. Corp., 25 So.3d 89, 92 (Fla. 4th DCA 2009), rev. dismissed, 34 So.3d 2 (Fla.2010). However, an exception to this general rule is promissory estoppel. Crown, 517 So.2d at 661. Promissory estoppel should be applied where to refuse to enforce the promise “would be virtually to sanction the perpetration of fraud or would result in other injustice.” 517 So.2d at 662 (citing Se. Sales & Serv. Co. v. T.T. Watson, Inc., 172 So.2d 239, 241 (Fla. 2d DCA 1965)).
Promissory estoppel requires proof that: (1) the promisor made a representation as to a material fact that is contrary to. a later-asserted position; (2) the promisee reasonably relied on the representation; and (3) the promisee changed his or her position to his or her detriment based on the representation. See, e.g., Romo v. Amedex Ins. Co., 930 So.2d 643, 650 (Fla. 3d DCA 2006) (citing FCCI Ins. Co. v. Cayce’s Excavation, Inc., 901 So.2d 248, 251 (Fla. 2d DCA 2005)).
Silence, under circumstances in which there is a duty to speak, may constitute a misrepresentation. Lloyds, 25 So.3d at 93. If an insurer includes a new or unusual term when orally binding a renewal policy, it has the duty to advise its insured of the change. See § 627.420 (stating that an oral binder includes the usual terms of the policy).
In light of these legal principles, we find that U.S., as the promisor here, made a representation as to a material fact contrary to a later-asserted position. U.S. issued three prior garage keepers insurance policies to JN, none of which included the endorsement excluding coverage for vehicles with state-issued certificates of destruction. Therefore, the endorsement was not a “usual term” of the policy. Under these circumstances, U.S.’ failure to inform JN that the new policy would include the exclusionary endorsement constituted a misrepresentation of a material fact. Accordingly, the record establishes that JN proved the first element of promissory estoppel.
JN also proved the second and third element, reasonable and detrimental reliance on U.S.’ misrepresentation. JN was in the business of selling used vehicles, some of which had certificates of destruc-tions. All its prior insurance policies had coverage for these types of used vehicles. Moreover, JN’s president testified that he would not have bought an insurance policy without this coverage.. Therefore, given the nature of its business, JN proved that to its detriment it was induced into buying an insurance policy which did not have the required coverage.
In this case, enforcing the policy endorsement to exclude coverage for the theft of JN’s property would result in injustice. Accordingly, we reverse the directed verdict in U.S.’ favor, and remand for entry of judgment in accordance with the jury verdict.
Reversed and remanded with instructions.