PER CURIAM.
Hall appeals the order of the deputy commissioner urging the deputy erred in finding American Casualty Company had can-celled its worker’s compensation insurance policy with T.C. Saffold Paving Services, the employer, prior to Hall’s accident on 9/5/79. We reverse.
The employer had obtained worker’s compensation coverage from American Casualty through INAC, a premium finance company, which had paid the entire premium and to which Saffold made installment payments. Saffold was in default and in May 1979 the finance company notified American Casualty to cancel the policy effective July 1979.
Mark Wichman, an employee of the carrier, testified that copies of the cancellation notice were sent to the Bureau of Worker’s Compensation, to the Florida Worker’s Compensation Rating Bureau, to the employer and to the insurance agent. The company had a copy of the notice in its file and the parties stipulated the agent had received a copy. The Rating Bureau could not locate the file, the Worker’s Compensation Bureau had no record of the notice and the employer did not appear at the hearing.
Wichman also testified that American Casualty’s contract with INAC, allowed INAC to cancel the policy and that INAC had a power of attorney from Saffold to do this. However, neither the original policy, nor the financial agreement showing a power of attorney was introduced into evidence and Wichman could not identify any section of the policy wherein this authority could be found.
Part XIV of Chapter 627, Florida Statutes (1979), the Florida Insurance Code sets out the law with reference to insurance premium finance companies. Section 627.-848 provides for the cancellation of insurance contracts by the premium finance company under certain conditions. First, the premium finance agreement between the company and the insured must contain a power of attorney or other authority allowing the premium finance company to cancel the contract. The premium finance company then must serve the insured with written notice, ten days in advance of any action, of its intent to cancel. If the insured does not act, the finance company must mail the insurer a request for cancellation with the copy to the insured at his last known mailing address. The insurer then has the responsibility of complying with all other statutory, regulatory and contractual restrictions, e. g. Sections 440.42(2) and 440.185(7) Florida Statutes (1979) requiring notice to the Worker’s Compensation Bureau.
American Casualty asserted the defense of no coverage due to cancellation and had the burden of proving this defense. See Fortenberry v. Mandell, 271 So.2d 170 (Fla. 4th DCA 1972), Smith v. Town of Bithlo, 344 So.2d 1288 (Fla. 4th DCA 1977). This it failed to do. The bare testimony of Wich-man is not competent substantial evidence to prove the existence of a power of attorney between the insured and the premium finance company. His testimony indicates *727 that American Casualty complied with Section 440.42(2) and 440.185(7) but there is no evidence that the requirements of Section 627.848 were met by INAC.
Accordingly, the order is reversed and remanded for a finding that coverage existed.
MILLS, .C. J., WENTWORTH, J., and BEVERLY, VIRGINIA Q., Associate Judge, concur.