558 So.2d 433 (1990)
Atlantic MASONRY, et al., Appellants,
v.
MILLER CONSTRUCTION, et al., Appellees.
No. 89-1348.
District Court of Appeal of Florida, First District.
February 9, 1990.
As Revised on Denial of Rehearing March 21, 1990.
*434 William S. Blatt of Anthony J. Beisler, P.A., Ft. Lauderdale, for appellants.
Wendy Ellen Marfino of Miller, Hodges, Kagan & Chait, Professional Association, Deerfield Beach, for appellees.
ERVIN, Judge.
Liberty Mutual Insurance Company ("Liberty") provided workers' compensation coverage to Atlantic Masonry ("Atlantic"), a subcontractor, from January 10, 1986 until October 24, 1986, when Liberty cancelled Atlantic's policy for nonpayment of premiums. However, Liberty erroneously sent a renewal policy and declarations page to Atlantic, indicating coverage would be provided for the year January 10, 1987 through January 10, 1988. The president of Atlantic provided this declarations page and policy to general contractor Miller Construction Co. ("Miller"), in December of 1986, as proof of workers' compensation coverage for the coming year when, in fact, Atlantic had no such coverage. On January 12, 1987, an employee of Atlantic, Michael Powell, was injured on the job site, and FEISCO, Miller's workers' compensation carrier, thereafter complied with its statutory duty to pay Powell compensation and medical benefits.
FEISCO sought and obtained reimbursement of benefits from Liberty on the ground that Liberty should be equitably estopped from denying coverage to Atlantic under the erroneously issued policy. Liberty now appeals an order of the judge of compensation claims ("JCC") requiring Liberty to reimburse FEISCO for workers' compensation benefits paid and to provide future benefits to Michael Powell. We affirm.
Under the doctrine of promissory estoppel, Liberty is estopped from denying its promise to provide workers' compensation coverage to Atlantic between January 10, 1987 and January 10, 1988. See Crown Life Ins. Co. v. McBride, 517 So.2d 660 (Fla. 1987). According to the testimony presented by Miller, if Atlantic had failed to produce proof of insurance by January 10, 1987, it would not have been permitted on the job site, thus Powell would not have been injured there on January 12, 1987.
Liberty claims that a third party (Miller) may not assert this equitable doctrine, and that it is available only to the entity to whom the erroneous representation was directly made (Atlantic). Liberty relies upon Crown Life for the position that the supreme court did not extend the remedy of promissory estoppel to third persons in that case. However, Crown Life did not involve a claim by a third party; therefore the court cannot be said to have decided that issue.
On the other hand, we find that the following provision from the Restatement (Second) of Contracts furnishes support to the appellees' argument that promissory estoppel may be asserted by third parties:
A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.
Restatement (Second) of Contracts § 90(1) (1979) (emphasis added).
The JCC properly found that Atlantic's fraudulent use of the renewal policy was a foreseeable consequence of Liberty's erroneous issuance of the policy. In the application for compensation coverage which Atlantic submitted to its insurance agent, Atlantic represented that it was a masonry contractor. Liberty was therefore on notice[1] that its insured would likely operate at times as a subcontractor. Moreover, the insurance contract entered into between *435 Liberty and Atlantic necessarily was written in contemplation of existing workers' compensation law. Fidelity & Cas. Co. of N.Y. v. Bedingfield, 60 So.2d 489, 493 (Fla. 1952). Because a general contractor is statutorily obligated to pay workers' compensation benefits to a subcontractor's employee if that subcontractor does not have its own coverage,[2] Liberty should reasonably expect that contractors will rely upon a subcontractor's proof of such coverage.
AFFIRMED.
WENTWORTH and WIGGINTON, JJ., concur.
NOTES
[1] Ruotal Corp., N.W., Inc. v. Ottati, 391 So.2d 308, 309 (Fla. 4th DCA 1980) (knowledge of agent imputed to principal).
[2] See Section 440.10(1), Florida Statutes (Supp. 1986).