WENTWORTH, Judge.
Claimant seeks review of a workers’ compensation order by which various benefits were awarded as payable by the employer. It was further determined that appellee Liberty Mutual Insurance Company is not responsible for such payment, as the employer was not insured by Liberty Mutual on the date of claimant’s accident. Claimant challenges this ruling, asserting that Liberty Mutual should be estopped from denying coverage. We find that the circumstances of this case do not require such an estoppel, and we therefore affirm the order appealed.
Claimant sustained an industrial accident and injury in January 1987, and testified that he signed an incorrect notice of injury form with a later accident date because he was forced to do so by the employer. Claimant stated that the employer had expressed uncertainty as to whether he had any workers' compensation coverage, and required the inaccurate notice so that the accident might be covered by a new policy of insurance. The employer had been insured under both an automobile policy and a workers’ compensation policy with Liberty Mutual, but this coverage was cancelled in the fall of 1986 due to the employer’s nonpayment of premiums. Because of an error in Liberty Mutual’s billing system, the employer received another premium invoice in early 1987. After claimant sustained his industrial injury and pursued medical treatment the employer sent Liberty Mutual a premium check in March 1987. Although the employer wrote his old workers’ compensation policy number on the check, and testified that he had been orally advised that his workers’ compensation premium was due, the record indicates that Liberty Mutual applied the payment to the *236 employer’s automobile policy and outstanding arrearages.
The judge found that the employer did not have workers’ compensation insurance with Liberty Mutual at the time of claimant’s accident, and that Liberty Mutual is thus not responsible for the ordered workers’ compensation payments. Claimant argues that in the circumstances of this case an estoppel should apply to provide workers’ compensation coverage by Liberty Mutual. In Crown Life Ins. v. McBride, 517 So.2d 660 (Fla.1987), the supreme court indicated that the doctrine of equitable estop-pel may be used to prevent a forfeiture of insurance coverage but not to affirmatively create or extend coverage, whereas the doctrine of promissory estoppel might be used to create coverage in order to avoid fraud or other injustice. But the McBride court emphasized that this would require that the estopped party have made an affirmative representation which induced substantial action or forbearance resulting in detriment to the party seeking estoppel.
In Atlantic Masonry v. Miller Construction, 558 So.2d 433 (Fla. 1st DCA 1990), this court applied the doctrine of promissory estoppel to a workers’ compensation carrier who had erroneously sent a renewal policy to a subcontractor who thereafter displayed the policy to a general contractor as proof of coverage. The court described this as a foreseeable consequence of the carrier’s action, resulting in detrimental reliance by the general contractor. The present case does not involve similar circumstances, as no reasonable detrimental reliance upon Liberty Mutual’s policy invoice was shown. There is no indication that claimant was aware of this invoice. And any reliance by the employer must be consistent with the employer’s own good faith. Cf., Jefferson National Bank at Sunny Isles v. Metropolitan Dade County, 271 So.2d 207 (Fla. 3d DCA 1972), cert. denied 277 So.2d 536 (1973). The employer did not pay on the invoice until after claimant sustained injury and pursued medical treatment, and the employer forced claimant to report an inaccurate date of accident. The judge was entitled to conclude that good faith reliance was not shown as of the date of claimant’s accident, and the doctrine of estoppel thus does not apply.
The order appealed is affirmed.
SMITH and WIGGINTON, JJ., concur.