565 So.2d 372 (1990)
CORAL WAY PROPERTIES, LTD., Appellant,
v.
Joseph ROSES, Appellee.
No. 88-2002.
District Court of Appeal of Florida, Third District.
August 7, 1990.
Rehearing Denied September 18, 1990.
*373 Coffey, Aragon, Martin, Burlington and Serota, and Joseph H. Serota, Miami, for appellant.
Robert C. Maland, Miami, for appellee.
Before HUBBART, NESBITT and FERGUSON, JJ.

ON MOTION FOR REHEARING
PER CURIAM.
The question presented by this appeal is whether the principle of promissory estoppel may be invoked to prevent the assertion of a statute of frauds defense. We hold that it may not in accordance with settled rules of law and reverse the judgment on appeal.
Coral Way, owner of an office building, leased space to International Securities System Corp. (ISS) for three years. ISS, in turn, subleased part of the premises to Joseph Roses. Coral Way filed an eviction action after ISS defaulted in monthly rental payments with eighteen months remaining on the lease. The court order evicting ISS specifically provided that Roses, who had joined the suit as an intervenor plaintiff, was not to be evicted. Roses tendered monthly payments at the same dollar per square foot rate as charged to ISS. Coral Way refused to accept the payments and the rent was therefore paid into a trust account, with notice to Coral Way.
Roses, who represented ISS in negotiating its lease with Coral Way, contends that he relied on Coral Way's oral assurances that he would be able to continue to occupy the subleased space even if ISS was evicted. Based on these alleged assurances and with Coral Way's knowledge, Roses relocated his professional accounting practice to Coral Way's office building and improved the physical space at considerable expense. It is undisputed that Roses installed a new glass entrance door, partitioning, paneling, electrical wiring and an air conditioner.
This appeal is brought from a partial final declaratory judgment which determined that appellee, Joseph Roses, could enforce the sublease and maintain possession of rental office space after eviction of the lessee for nonpayment of rent, notwithstanding *374 the absence of a written lease agreement with Coral Way.
Promissory estoppel is a qualified form of equitable estoppel, Crown Life Ins. Co. v. McBride, 517 So.2d 660 (Fla. 1987), based on "[a] promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance... . [The promise] is binding if injustice can be avoided only by enforcement of the promise." Restatement (Second) of Contracts, § 90 at 242 (1987).
It has been held, however, that an application of promissory estoppel to avoid a statute of frauds defense would defeat the stated purpose of the statute:
The Statute of Frauds grew out of a purpose to intercept the frequency and success of actions based on nothing more than loose verbal statements or mere innuendos.
Tanenbaum v. Biscayne Osteopathic Hosp., Inc., 190 So.2d 777, 779 (Fla. 1966) (quoting Yates v. Ball, 132 Fla. 132, 181 So. 341 (1937)). By legislative enactment, a properly executed written contract is a prerequisite to any action in certain transactions, to include "any contract for the sale of lands, tenements or hereditaments, or of any uncertain interest in or concerning them, or for any lease thereof for a period longer than 1 year ..." § 725.01, Fla. Stat. (1987). This case is controlled by Tanenbaum, where the supreme court declined to adopt promissory estoppel as a judicial counteraction to the legislatively created statute of frauds.
Reversed and remanded with instructions to enter judgment for the appellant.