582 So.2d 799 (1991)
CRITERION LEASING GROUP and Hartford Insurance Group, Appellants,
v.
GULF COAST PLASTERING & DRYWALL, Continental Loss Adjusting Service, Inc., and Robert Bruce, Appellees.
No. 90-03241.
District Court of Appeal of Florida, First District.
July 18, 1991.
Claire L. Hamner of Dickinson, O'Riorden, Gibbons & Shields, P.A., Sarasota, for appellants.
*800 Nancy A. Lauten and Richard G. Davis of Fowler, White, Gillen, Boggs, Villareal, and Banker, P.A., Tampa, for appellees Gulf Coast Plastering & Drywall and Continental Loss Adjusting Service, Inc.
Donald D. Kaelber of Peter H. Dubbeld, P.A., St. Petersburg, for appellee Robert Bruce.
PER CURIAM.
This cause is before us on appeal from a final order determining appellants' responsibility for compensation benefits. For the following reasons, we affirm.
On July 7, 1989, Robert Bruce was injured in a work-related accident when he tripped and suffered a broken coccyx bone. The incident occurred while working for Evans & Blount Stucco (hereinafter Evans Blount) at a construction project known as the Crescent Beach Club.
Sea Coast Towers Construction (hereinafter Sea Coast) was the general contractor on the Crescent Beach Club project. Gulf Coast Plastering & Drywall (hereinafter Gulf Coast) subcontracted with Sea Coast to provide plastering and drywall.[1] Thereafter, Gulf Coast subcontracted the stucco work to Evans Blount. Evans Blount provided proof of workers' compensation coverage which showed the coinsureds as Criterion Leasing Corporation (hereinafter Criterion) and Evans Blount.[2]
Criterion acts as a large personnel department for a number of small companies. Criterion handled the workers' compensation coverage and payroll for Evans Blount. On April 13, 1989, all personnel who had formerly been employees of Evans Blount were then considered employees of Criterion. However, new employees of Evans Blount did not become employees of Criterion until after Criterion was notified that a new employee had been hired. Criterion was unaware that Evans Blount had hired claimant.
Gulf Coast and its carrier, Continental Loss Adjusting, accepted the claim as compensable but reserved its right to seek reimbursement from Criterion, Evans Blount, and Hartford.[3] After hearing, the judge of compensation claims (JCC) found that Hartford issued a certificate of insurance indicating that Evans Blount employees were covered. Gulf Coast and Continental relied on this certificate and were detrimentally damaged by this reliance. The JCC found all the elements of equitable estoppel had been established, and therefore Evans Blount, Criterion, and Hartford were estopped from denying coverage.
Initially, we determine that the JCC erred in finding that "all of the elements of equitable estoppel have been satisfied." (emphasis added). Equitable estoppel may not be used to affirmatively create or extend insurance coverage. However, "[a]n exception to the general rule is the doctrine of promissory estoppel, a qualified form of equitable estoppel which applies to representations relating to a future act of the promisor rather than to an existing fact." Crown Life Ins. Co. v. McBride, 517 So.2d 660, 661 (Fla. 1987) (citations omitted). Because the JCC found the elements of promissory estoppel present and followed the dictates of Masonry v. Miller Construction, 558 So.2d 433 (Fla. 1st DCA 1990), we affirm.
A party will be estopped from denying liability under the principle of promissory estoppel when the party makes "[a] promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance ... [and] injustice can be avoided only by enforcement of the promise." Coral Way Properties, Ltd. v. Roses, 565 So.2d 372, 374 (Fla. 3d DCA 1990), citing 1 Restatement of the *801 Law Second, Contracts 2d § 90 at 242 (1987).
We find that it was foreseeable to Hartford that Evans Blount would use the certificate of insurance as proof of workers' compensation coverage. First, Hartford provided workers' compensation coverage to Criterion Leasing. The certificate of insurance listed both Criterion and Evans Blount as coinsureds. The certificate was presented to Gulf Coast as proof of workers' compensation coverage. If Evans Blount did not present proof of insurance, Gulf Coast would have obtained a policy providing workers' compensation coverage prior to Evans Blount's employment. Therefore, Hartford's promise to provide workers' compensation coverage to the coinsureds (Criterion and Evans Blount) induced Gulf Coast to allow Evans Blount to begin working at the job site. Claimant's injury constituted the detrimental result that followed Gulf Coast's reliance.
Second, Section 440.10(1), Florida Statutes, requires a general contractor to provide workers' compensation coverage for a subcontractor's employees except when the subcontractor already has obtained coverage. Therefore, Hartford should have reasonably expected that Gulf Coast would rely on the certificate of insurance naming Evans Blount as a coinsured. This promise of coverage induced Gulf Coast to subcontract with Evans Blount.
Accordingly, we affirm the order under the principle of promissory estoppel.
BOOTH and NIMMONS, JJ., and WENTWORTH, Senior Judge, concur.
NOTES
[1] Gulf Coast provided Sea Coast with a current certificate of workers' compensation coverage.
[2] Gulf Coast requires subcontractors to provide proof of workers' compensation coverage. When a subcontractor does not have coverage, Gulf Coast provides coverage and pays the premium with a portion of the draw paid to the subcontractor.
[3] Hartford issued the workers' compensation policy listing Evans Blount and Criterion as coinsureds.