606 So.2d 708 (1992)
TRADEWINDS CONSTRUCTION and Aetna Life and Casualty Company, Appellants,
v.
Michael NEWSBAUM, Appellee.
No. 91-03411.
District Court of Appeal of Florida, First District.
October 14, 1992.
Rehearing Denied November 25, 1992.
Daniel De Ciccio and John T. Willett of De Ciccio & Broussard, P.A., Orlando, for appellants.
*709 Ron J. Petree of Whitaker, Dorough, and Whitaker, Orlando, for appellee.
PER CURIAM.
This cause is before us on appeal from an award of workers' compensation benefits. The JCC found that appellant/carrier should be estopped from denying coverage because it had been paying the claim for over two years without raising a coverage defense. Claimant, a sole proprietor doing business under the name Tradewinds Construction, contends that he detrimentally relied on the carrier's payment of benefits by failing to seek medical benefits from the Veterans Administration Hospital and disability benefits from social security.
Estoppel based upon the conduct of the insurer does not operate to bring within the coverage of a policy risks not covered by its terms or risks expressly excluded therefrom, 43 Am.Jur.2d Insurance § 465; 31 Fla.Jur.2d Insurance § 670, and may not be used to affirmatively create or extend insurance coverage beyond that set forth in the policy. Criterion Leasing Group v. Gulf Coast Plastering & Drywall, 582 So.2d 799, 800 (Fla. 1st DCA 1991); Balehi Marine v. Fireman's Insurance Company of Newark, 460 So.2d 16 (La. Ct. App. 1984), writ denied, 462 So.2d 654 (La. 1985).
There is no evidence in the record that the insurance policy covers claimant's loss. On the contrary, the JCC found that claimant never filed the required election to be covered under the sole-proprietor election and that when he reported his injury, he was told by the agent that he was not covered. Despite these facts, however, claimant filed his claim and was erroneously paid benefits. Claimant paid a premium for workers' compensation coverage for his employees but not for himself. Equitable estoppel cannot be used to create coverage under these facts. See Professional Underwriters v. Freytes, 565 So.2d 900 (Fla. 5th DCA 1990).
In Crown Life Insurance Co. v. McBride, 517 So.2d 660 (Fla. 1987), the Supreme Court recognized a narrow exception to the doctrine of equitable estoppel by holding that "the doctrine of promissory estoppel may be utilized to create insurance coverage where to refuse to do so would sanction fraud or other injustice." Professional Underwriters, supra at 902. We held, in Criterion Leasing v. Gulf Coast Plastering, 582 So.2d 799, 780 (Fla. 1st DCA 1991), that:
A party will be estopped from denying liability under the principle of promissory estoppel when the party makes "[a] promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance ... [and] injustice can be avoided only be enforcement of the promise."
Although the JCC did not expressly rely on this doctrine, we have nonetheless reviewed the record and find the essential elements of promissory estoppel are not present.
Accordingly, the order below is reversed and the cause remanded with directions that the claim be dismissed.
BOOTH, SMITH and BARFIELD, JJ., concur.