SAWAYA, J.
Bamboo Garden of Orlando, Inc. (“Bamboo Garden”) appeals a summary judgment entered in favor of Oak Brook Property and Casualty Company (“Oak Brook”). Bamboo Garden contends that the trial court erred in granting summary judgment on both counts of its complaint because genuine issues of material fact remain for resolution. We agree and reverse.
Bamboo Garden operates a Chinese restaurant in Orlando. Oak Brook is an insurance company which issued a policy of property insurance to Bamboo Garden for the policy period April 1, 1995 to April 1, 1996. The agency which procured the policy was Tucker & Branham, Inc. (“Tucker”). The policy premium was financed through Premium Assignment Corporation (“PAC”). PAC paid the full policy premium to Oak Brook, and Bamboo Garden agreed to pay PAC in monthly installments.
Bamboo Garden missed its October 1995 payment to PAC, and PAC sent a notice of cancellation of the policy for nonpayment of the premium to Oak Brook effective November 20, 1995. Oak Brook canceled the policy effective November 20, 1995. Bamboo Garden subsequently paid all amounts it owed to Tucker, which forwarded payment to PAC. PAC and Tucker requested reinstatement of the policy on or about December 7. On December 12, 1995, a fire damaged the Bamboo Garden prem *83 ises. Oak Brook denied coverage on the basis that the policy had previously been canceled and was not in effect at the time of the loss.
Bamboo Garden filed an amended complaint against Oak Brook alleging breach of contract in count I and seeking declaratory relief in count II. Oak Brook and Bamboo Garden both moved for summary judgment. The trial court (Judge. Sprink-el) entered an order denying Oak Brook’s motion, finding that “the document which purportedly gives authority to Premium Assignment Corporation to cancel the insurance policy in question for nonpayment of premium is defective.... ” Oak Brook subsequently filed another motion for summary judgment wherein it asserted that the insurance policy was canceled prior to the loss, regardless of whether PAC complied with the notice requirements of section 627.848, and that it was entitled to rely on PAC’s representation that it had authority to cancel the policy.
A hearing was held on February 17, 1999; apparently this hearing was intended to be on Bamboo Garden’s motion for summary judgment, but there is some dispute as to whether Oak Brook’s motion was also to be heard at that hearing. On March 1, 1999, the trial court (Judge Conrad, who was Judge Sprinkel’s successor) entered an order denying Bamboo Garden’s motion for partial summary judgment, finding among other things that genuine issues of material fact existed concerning PAC’s authority, actual or apparent, to request the cancellation of the insurance policy.
On September 24, 1999, the trial court set the case for trial in April 2000. Nevertheless, on October 14, 1999, without conducting any further hearings, the trial court (Judge Conrad) surprisingly entered an order — much to the delight of Oak Brook and to the chagrin of Bamboo Gardens — that granted Oak Brook’s motion for summary judgment. The order simply states that “there are no genuine issues of material fact and Defendant is entitled to judgment as a matter of law.”
It is well-settled that summary judgment should not be granted unless the facts are so crystallized that all that remain are issues of law. Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). In reviewing the summary judgment in favor of Oak Brook, this court “must view every possible inference in favor of a party against whom a summary judgment has been rendered.” Besco USA Int’l Corp. v. Home Sav. of Am. FSB, 675 So.2d 687, 688 (Fla. 5th DCA 1996) (citing Holl v. Talcott, 191 So.2d 40 (Fla.1966)). Here, that inference runs in favor of Bamboo Garden.
Bamboo Garden argues that summary judgment was improperly granted on count I because material issues of fact exist regarding the existence of a valid power of attorney authorizing PAC to cancel Bamboo Garden’s policy with Oak Brook and whether PAC sent Bamboo Garden the required statutory cancellation notice. Oak Brook argues that under the plain language of section 627.848, Florida Statutes (1995), upon its receipt of the cancellation notice from PAC, Oak Brook’s sole duty was to cancel the policy, i.e., it had no duty to conduct an investigation into whether the premium finance agreement (which purportedly included a power of attorney) or the cancellation request was valid.
Thus the issues in the instant case relating to count 1 are: 1) whether Oak Brook was required to establish that PAC complied with the notice provisions of section 627.848 before it canceled the policy and 2) whether Oak Brook was required to establish that PAC had a valid power of attorney from Bamboo Garden that gave PAC legal authority to cancel the policy.
The first issue, the notice issue, is readily resolved by reference to section 627.848(l)(e), Florida Statutes (1995), which provides:
(c) Upon receipt of a copy of the cancellation notice by the insurer or insur *84 ers, the insurance contract shall be canceled with the same force and effect as if the notice of cancellation had been submitted by the insured himself, whether or not the premium finance company has complied with the notice requirement of this subsection, without requiring any further notice to the insured or the return of the insurance contract.
(Emphasis supplied). The underscored language of this statute clearly indicates the Legislature’s intent that the insurance company not be burdened with the responsibility of insuring that the finance company complies with the notice provisions of the statute prior to cancellation. Therefore, even though the record is silent as to whether PAC actually sent or did not send the required ten-day notice of cancellation to Bamboo Garden, that silence does not create a material fact issue precluding summary judgment in this case.[1] Rather, any claim that PAC failed to fulfill the statutory notice requirements presents an issue that must be resolved between Bamboo Garden and PAC pursuant to section 627.848(1)00, Florida Statutes (1995) (“If an insurance contract is canceled by an insurer upon the receipt of a copy of the cancellation notice from a premium finance company, and if such premium finance company has failed to provide the notice required by this subsection, the insured shall have a cause of action against the premium finance company for damages caused by such failure to provide notice.”). Summary judgment was, therefore, appropriate with respect to the notice issue of count I.
With regard to the second issue related to count I, whether Oak Brook was required to establish that PAC had a valid power of attorney from Bamboo Garden, we conclude that a valid power of attorney executed by Bamboo Garden authorizing PAC to cancel the policy was a condition precedent to cancellation and that Oak Brook was required to inquire about the existence of this document prior to cancellation. We reach this conclusion for two reasons: 1) we interpret the pertinent portions of the statute relating to the power of attorney to require the insurer to establish the existence of the finance company’s legal authority to request cancellation and 2) we find that the rationale in Insurance Company of North America v. Cooke, 624 So.2d 252 (Fla.1993) is controlling with regard to the power of attorney.
The power of attorney plays a pivotal role in the overall scheme of section 627.848. The power of attorney is the essential document that gives the finance company the authority to act on behalf of the insured in canceling an insurance policy under this statutory scheme. See § 627.848(1), Fla. Stat. (1995) (“When a premium finance agreement contains a power of attorney or other authority enabling the premium finance company to cancel any insurance contract listed in the agreement, the insurance contract shall not be canceled unless cancellation is in accordance with the following provisions .... ”). We interpret this statute to require that a valid power of attorney or other legal authority is a condition precedent to cancellation of an insurance policy by a premium finance company and that the insurer must satisfy itself that this condition has been met before it can effectively cancel any policy under the statute. Otherwise, insurers will be obligated under *85 the statute to accept cancellation notices from any finance company that purports to act on behalf of the insured regardless of their legal authority to do so. Insurance coverage is a far too important component of doing business to allow cancellation of insurance under section 627.848 in such a cavalier manner.
Further, pursuant to Cooke,[2] since Oak Brook asserted the defense of cancellation in its motion for summary judgment, Oak Brook bore the burden of establishing the existence of a valid power of attorney executed by Bamboo Garden authorizing PAC to act on its behalf in canceling the policy. The failure of Oak Brook to establish that a power of attorney was properly given to PAC by Bamboo Garden — there being a possible defective power of attorney which was recognized by both Judge Sprinkel and Judge Conrad— leaves unresolved a genuine issue of material fact, just as was initially determined by Judge Sprinkel. See Hall v. T.C. Saffold Paving Serv., 397 So.2d 725 (Fla. 1st DCA 1981).[3] Because the record does not include a power of attorney executed by Bamboo Garden, summary judgment in favor of Oak Brook based on a finding of cancellation was improper.
Regarding count 11, Bamboo Garden asserts that the policy, if it was canceled, was reinstated and that Oak Brook was estopped from denying coverage because of Oak Brook’s delay in acting on Bamboo Garden’s request for reinstatement and because Oak Brook admitted that but for the fire (which it learned of before acting on the reinstatement request), it would have reinstated the policy. Bamboo Garden contends that the issues of reinstatement and estoppel are factual issues which preclude summary judgment on count II. We agree.
Bamboo Garden notes that Oak Brook states in its answer brief that “[a]s of December 19,' 1995, Oak Brook confirmed that the insurance policy had been can-celled effective November 20, 1995, at PAC’s initiative.” December 19, 1995— the date the confirmation letter was forwarded to Bamboo Garden — is one week after the fire and two weeks after the request for reinstatement of the policy. Hence, there is an issue regarding delay and whether Bamboo Garden was prejudiced thereby. With regard to the reinstatement issue, we note that it is undisputed that Oak Brook and PAC had been paid in full prior to the loss and that Oak Brook would have reinstated the policy if it had not learned of the fire before addressing the reinstatement request. Therefore, there are issues of fact regarding reinstatement and estoppel.
Bamboo Garden also asserts that the issues of reinstatement and estoppel were not resolved when the trial court granted *86 Oak Brook’s motion because the motion was entirely based on the argument that the policy was canceled prior to the loss. We find that the record is so ambiguous and confusing regarding what issues and motions were considered by the trial court, especially during the last hearing, we cannot discern whether the issues of reinstatement and estoppel were adequately addressed by either party in the proceedings below or whether the trial court considered those issues when it granted Oak Brook’s motion for summary judgment. The trial judge even commented close to the conclusion of the last hearing, “What was the name of this motion? I’ve lost all perspective now.” The panorama of the record from our vantage leads us to conclude that issues of material fact exist that preclude entry of summary judgment on count 11 of the amended complaint.
In conclusion, the summary judgment must be reversed because issues of fact remain whether PAC had a valid power of attorney, whether the policy was reinstated prior to the loss, and whether Oak Brook was estopped from denying coverage because the delay by Oak Brook, if any, prejudiced Bamboo Garden.
REVERSED and REMANDED for further proceedings.
DAUKSCH and PLEUS, JJ., concur.

. We note that-had the case been governed by the 1987 statutes, Insurance Company of North America v. Cooke, 624 So.2d 252 (Fla.1993), would have required a contrary result. In Cooke, the supreme court held that compliance with the notice requirement of section 627.848 is a condition precedent to cancellation of an insurance policy. The court reasoned, "It is the insurer who is alleging cancellation as a defense; thus, it is the insurer’s burden to prove an effective cancellation under the statute.” Id. at 255 (citing Hall v. T.C. Saffold Paving Serv„ 397 So.2d 725 (Fla. 1st DCA 1981)). The decision in Cooke regarding the notice requirements of the statute, however, has been legislatively abrogated. Section 627.848(4), Florida Statutes (1987), which was interpreted and applied in Cooke, was amended subsequent to Cooke and is now found in section 627.848(l)(c), Florida Statutes (1995), the section applicable to the instant case.

. We conclude that the rationale in Cooke is controlling with regard to the power of attorney because the scope of the legislative amendment to section 627.848(l)(c), Florida Statutes (1995) is limited to the notice provisions of the statute. See infra note 1. The Legislature did not include provisions which indicate that the insurer is not obligated to establish the existence of a valid power of attorney authorizing the finance company to effectively cancel a policy. Thus we find that the Legislature did not intend to completely abrogate the decision in Cooke when it amended section 627.848(l)(c).

. In Hall, the court found, as is discussed by the supreme court in Cooke, that the insurer has the burden of proving cancellation. Similar to the facts of this case, in Hall, the finance company failed to establish that it had proper power of attorney for the insured, thus the statutory requirements of cancellation were not complied with. As in Hall, in order to prove cancellation, the insurer must prove the existence of a power of attorney between the insured and the premium finance company. In support of this conclusion. Judge Sprinkel determined that the power of attorney was defective in this case and Judge Conrad agreed upon his succession. The order denying Bamboo Garden’s motion for summary judgment set forth this finding, and although Judge Conrad later granted summary judgment to Oak Brook, he did not set forth that such ruling was based on a changed position with regard to the defective power of attorney. He actually made no findings except to broadly state that there were no material facts in dispute.