NESBITT, Senior Judge.
Insurer United Automobile Insurance Company appeals a Final Summary Judgment Declaring Coverage for insured, Vanessa Lyn Brooks. This is a premium finance case in which premium finance company, ABCO Premium Finance, Inc., notified insurer United of the cancellation of insurance because of the non payment of the May 2000, installment. The cancellation was effective 12:01 a.m. on May 31, 2000, and the insured’s automobile was in an accident later the same day.
The insurer relies on section 627.848(l)(f), which provides:
If an insurance contract is canceled by an insurer upon the receipt of a copy of the cancellation notice from a premium finance company, and if such premium finance company has failed to provide the notice required by this subsection, the insured shall have a cause of action against the premium finance company for damages caused by such failure to provide notice. (Emphasis added.)
Supporting its position, the insurer cites to Bamboo Garden of Orlando, Inc. v. Oak Brook Prop. & Cas. Co., 773 So.2d 81, 83-84 (Fla. 5th DCA 2000), wherein the Fifth District observed that the legislature’s intent in enacting this section was to ease the burden on insurance companies, while at the same time providing a mechanism for recovery by insureds for a failure of notice.
In the instant case, there had been an error in the recorded address of insured, which the insured thereafter brought to her agent’s attention. The insurer had corrected its own records, but apparently did not notify the finance company of this correction. While informed *425 by her agent that payment had to be made or the policy would be canceled, Brooks never received notice of cancellation from the finance company at her correct address. Faced with an insurer which knew insured’s correct address and a finance company which did not[1], the trial court concluded that the insurer should be equitably estopped from denying coverage. However, as succinctly stated on a number of occasions:
while the doctrine of estoppel may be used to prevent a forfeiture of insurance coverage, the doctrine may not be used to create or extend coverage.
State Farm Mut. Auto. Ins. Co. v. Jones, 789 So.2d 504, 507 (Fla. 1st DCA 2001); see Tradewinds Constr. v. Newsbaum, 606 So.2d 708 (Fla. 1st DCA 1992); Criterion Leasing Group v. Gulf Coast Plastering & Drywall, 582 So.2d 799, 800 (Fla. 1st DCA 1991); see also 31 Fla. Jur 2d Insurance § 2851 (2002). Here, what the trial judge did amounted to an extension of the policy. Thus, the order granting summary judgment as to coverage is reversed, with instructions that on remand, United’s motion for summary judgment should be granted. As provided in section 627.848(l)(f), Brooks' has a cause of action against ABCO for damages caused by any failure to provide statutorily required notice.
Reversed and remanded.

. It appears that the parties stipulated that there were no disputed issues of material fact. However the finance company maintains it was not on notice of insured's correct address, while the agent testified:
Q. So you notified the insurance company, as well as the finance company that her [Brooks’s] address was wrong?
A. That's correct.