PER CURIAM.
In this workers’ compensation case, appellants argue that the judge of compensation claims incorrectly determined that (1) appellees NGRJ, Inc., doing business as Labor Finders, and its insurers were not responsible to reimburse them for benefits paid to the claimant; and (2) the claimant was an employee of Lydia Crespo.
*1209 As to the first issue, appellants contend that, based on our decision in Criterion Leasing Group v. Gulf Coast Plastering & Drywall, 582 So.2d 799 (Fla. 1st DCA 1991), the judge should have found NGRJ, doing business as Labor Finders, and its insurers liable for reimbursement of benefits paid to the claimant on a promissory estoppel theory. We conclude that the judge correctly determined that the Criterion decision is distinguishable because there the certificate of insurance had identified both Gulf Coast and its subcontractor, Evans Blount, as insureds; whereas, in this case, the certificate of insurance did not reflect that Security Drywall was an additional insured with Labor Finders but, rather, clearly stated only that coverage existed for Labor Finders employees who were performing work for Security at the time of their injury. It is undisputed that the claimant was not an employee of Labor Finders at the time of his injury. Because there was no promise which either Labor Finders or its insurers might reasonably have expected would induce Cantel to permit somebody who was not employed by Labor Finders to perform work on the job for Security, the concept of promissory estoppel discussed in Criterion does not come into play. Accordingly, we affirm the judge’s determination that appellees NGRJ, Inc., doing business as Labor Finders, and its insurers were not responsible to reimburse appellants for benefits paid to the claimant.
As to the second issue, we agree with appellants that there is no competent evidence in the record from which one might reasonably conclude that the claimant was employed by Lydia Crespo at the time of his injury. Accordingly, we reverse the judge’s contrary determination, and remand for the judge to determine which individual or entity was the claimant’s employer.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ALLEN, WEBSTER, and PADOVANO, JJ., concur.