10 So.3d 644 (2009)
CENTIMARK CORPORATION, and its third party administrator, Broadspire, a Crawford Company, Appellants,
v.
Jose GONZALEZ, and South East Personnel Leasing, Inc. and Packard Claims Administration, Inc., Appellees.
J.K. Johns Roofing & Sheet Metal, Inc., Appellant,
v.
Jose Gonzalez, and South East Personnel Leasing, Inc. and Packard Claims Administration, Inc., Appellees.
Nos. 1D08-2751, 1D08-2783.
District Court of Appeal of Florida, First District.
March 17, 2009.
Rehearing Denied May 14, 2009.
*645 Christopher P. Boyd and David M. Gagnon of Taylor, Day, Currie, Boyd & Johnson, Jacksonville, for Appellants.
Sharon H. Proctor, Lake St. Louis, MO, and Lance F. Avera, Gainesville, for Appellee Jose Gonzales; and Brian Evans and Robert B. Bennett of Sponsler, Bennett, Jacobs & Adams, Tampa, for Appellees South East Personnel Leasing, Inc. and Packard Claims Administration, Inc.
PER CURIAM.
In these consolidated appeals, Appellants seek review of an order granting benefits for injuries sustained when Claimant fell from a roof. Appellants argue that the Judge of Compensation Claims (JCC) should have applied promissory estoppel to conclude that South East Personnel Leasing (South East) is liable for workers' compensation benefits, and that the JCC erred in ruling Claimant's pay constitutes "wages" as that term is defined in Chapter 440, Florida Statutes. For the reasons below, we affirm as to the first issue, and reverse as to the second.
The JCC found that Claimant has never paid taxes in the United States. At the time of the accident, Claimant worked for ALM Home Services (ALM), a subcontractor of JK Johns Roofing & Sheet Metal, Inc. (JK Johns), which, in turn, was a subcontractor for Centimark, a roofing contractor. South East provided payroll services and workers' compensation insurance to ALM. South East presented to JK Johns a certificate of workers' compensation insurance listing ALM as an additional insured. Next to ALM's name, the certificate states that "coverage applies only to those employees leased, not to subcontractors."
Under the doctrine of promissory estoppel, a party is estopped from denying liability where that party makes a "promise which [it] should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance ... [and] injustice can be avoided only by enforcement of the promise." Criterion Leasing Group v. *646 Gulf Coast Plastering & Drywall, 582 So.2d 799, 800 (Fla. 1st DCA 1991) (quoting Coral Way Properties, Ltd. v. Roses, 565 So.2d 372, 374 (Fla. 3d DCA 1990)). Third parties may assert a promissory estoppel argument. Masonry v. Miller Constr., 558 So.2d 433, 434 (Fla. 1st DCA 1990).
Here, promissory estoppel did not apply. As the JCC correctly ruled, the wording in the certificate of insurance clearly conveyed that only employees leased from South East were covered. Claimant was not leased from South East; accordingly, there was no promise that Claimant was insured. Thus, we affirm that ruling.
We reverse, however, the JCC's conclusion that the money earned by Claimant constituted "wages." At the time the JCC made his ruling, he did not have the benefit of this court's recent holding in Fast Tract Framing, Inc. v. Caraballo, 994 So.2d 355 (Fla. 1st DCA 2008). In that case, we held that in order to demonstrate that a claimant's income constitutes "wages," the "[c]laimant is required to show that he reported his wages for federal income tax purposes." Id. at 358. Claimant did not make such a showing here.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
THOMAS and CLARK, JJ., concur; BARFIELD, J., concurs with written opinion.
Judge BARFIELD concurs.
I concur in the result only because I believe it is mandated by our opinion in Fast Tract Framing, Inc. v. Caraballo, 994 So.2d 355 (Fla. 1st DCA 2008), a decision with which I do not agree because of its reporting requirement. Fast Tract appears to preclude an injured worker from receiving indemnity benefits if he earns wages that are not paid, and he fails to report the unpaid wages to the Internal Revenue Service even though he has no obligation to report income he does not receive. It should also be noted that there are minimum reporting requirements under the Internal Revenue Code which may further limit claimant's reporting requirement. The record is silent as to his reporting obligation.